DICK PRUITT AND WIFE, STERLING PRUITT v. ARDEL WILLIAMS
AND WIFE, MRS. ARDEL WILLIAMS

No. 7425SC1077

(Filed 16 April 1975)

1. Injunctions § 12; Rules of Civil Procedure §§ 52, 65— preliminary injunction — statement of reasons for issuance — failure to request findings of fact and conclusions of law

The trial court complied with the pertinent provisions of G.S. 1A-1, Rule 65(d), by clearly stating the reasons for the issuance of the preliminary injunction; however, the court was not required to make detailed findings of fact and conclusions of law pursuant to G.S. 1A-1, Rule 52(a) (2), where defendants made no request therefor.

2. Injunctions § 12— preliminary injunction — probable cause of establishing right — reasonable apprehension of irreparable loss

Ordinarily, to justify the issuance of a preliminary injunction, it must be made to appear (1) there is probable cause that plaintiff will be able to establish the right he asserts, and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiff's rights during litigation.

3. Injunctions § 13— obstructing roadway — sufficiency of evidence to support preliminary injunction

The trial court did not err in granting a preliminary injunction restraining defendants from obstructing a roadway over lands of defendants in which plaintiffs claimed a right-of-way by prescription where the evidence tended to show that the road in question had been used continuously since 1939 as the primary, and until recently the only means of ingress and egress to and from the home which the plaintiffs owned, defendants and their predecessors in title had never exerted control over the road, the road was in existence for a substantial period of time before defendants built their home on or near the road, while plaintiffs had built a new road into their property, it was impassable in inclement weather, plaintiffs had been unable to obtain carrier contracts guaranteeing delivery to their bakery in inclement weather over the new road, if an emergency should arise, the quickest and safest way to plaintiffs' home was the old road, and reopening the road would not greatly inconvenience defendants pending final litigation.

Judge MORRIS dissenting.

APPEAL by defendants from *Thornburg, Judge.* Order entered 25 September 1974 in Superior Court, CALDWELL County. Heard in the Court of Appeals 13 March 1975.

Plaintiffs instituted this action on 22 August 1974 seeking a permanent injunction restraining defendants from obstructing

a roadway over lands of defendants in which plaintiffs claim a right-of-way by prescription.

In their complaint, plaintiffs allege in pertinent part as follows: By virtue of a conveyance dated 20 September 1973, plaintiffs became the owners of a 13.4 acre tract of land in Caldwell County. A portion of the property is farmland, and it also contains a residence where plaintiffs reside, and a bakery business operated by plaintiffs. A roadway extends from plaintiffs' property, across defendants' land for approximately 200 feet, and into another road. The road through defendants' land has existed for many years and has been used by plaintiffs, their predecessors in title, and the general public for more than twenty years, providing the sole, practical access to plaintiffs' property. If said road is not a public road, plaintiffs have the right to use the road by prescription. On or about 3 July 1974, defendants blocked the use of that part of the road adjoining their land by placing debris on the road. Plaintiffs ask for temporary and permanent injunctive relief.

A temporary restraining order was issued on 23 August 1974 and was extended on 28 August and 5 September 1974. Defendants filed answer on 10 September 1974 denying all material allegations of plaintiffs' complaint.

Following a hearing, at which oral testimony and affidavits were introduced by plaintiffs, (defendants offering no evidence), and a viewing of the premises by the court, an order granting plaintiffs a preliminary injunction was entered. The order recited that plaintiffs had exhibited a good cause of action and are entitled to have proper issues submitted for determination of the matters set forth in the complaint and affidavits; that there is reasonable certainty that plaintiffs are entitled to the equitable relief sought; that the status quo "consists of the open and unobstructed use of the road in question . . . and that the failure to restore said status quo would cause immediate and irreparable injury to the plaintiffs"; and "to require that the defendants open the road heretofore blocked and to leave said road open and passable pending the outcome of this action would not greatly inconvenience or damage the defendants, but to allow said road to remain blocked pending the outcome of this action would greatly inconvenience and damage the plaintiffs". The order required defendants to remove all obstructions which they had placed, or caused to be placed, in the road and restrained them from "in any way blocking access across said road to

plaintiffs or other members of the public pending the final determination of this action".

Defendants appealed.

*West & Groome, by Michael P. Baumberger, for plaintiff appellees.*

*Wilson, Palmer & Simmons, by G. C. Simmons III, for the defendant appellants.*

BRITT, Judge.

By their first and second assignments of error, defendants contend the court erred in failing to make specific findings of fact based upon the evidence and in failing to make conclusions of law based upon the findings of fact. We find no merit in the assignments.

G.S. 1A-1, Rule 65 (d), provides, among other things, that every order granting an injunction shall set forth the "reasons for its issuance". Rule 52 (a) (2) provides, among other things, that " . . . findings of fact and conclusions of law are necessary on the granting or denying of a preliminary injunction or any other provisional remedy only when required by statute expressly relating to such remedy or requested by a party". We note the difference between our Rule 52 and Federal Rule 52 (a) which specifically requires that " . . . in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action". 5A Moore's Fed. Prac. § 52, at 2601 (1974).

[1]  In this case, the court clearly stated the reasons for the issuance of the preliminary injunction, thus complying with the pertinent provisions of Rule 65 (d). As to compliance with Rule 52 (a) (2), the record does not disclose that defendants requested the court to make detailed findings of fact and conclusions of law; and, our research has failed to reveal a statute that requires the court to make findings of fact and conclusions of law in granting or denying a *preliminary* injunction. Hence, absent a request by a party that the court make findings of fact and conclusions of law, the court is required to state only the "reasons for its issuance".

By their third and fourth assignments of error, defendants contend the trial court erred "in granting the preliminary in-

junction based upon the evidence" offered and in signing the order. We find no merit in these assignments.

[2] Ordinarily, to justify the issuance of a preliminary injunction, it must be made to appear (1) there is probable cause that plaintiff will be able to establish the right he asserts, and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiffs' rights during the litigation. *Setzer v. Annas,* 286 N.C. 534, 212 S.E. 2d 154 (1975); *Resources, Inc. v. Insurance Company,* 15 N.C. App. 634, 190 S.E. 2d 729 (1972).

At the hearing, the burden was on plaintiffs to establish their right to a preliminary injunction. G.S. 1A-1, Rule 65(b); *Board of Elders v. Jones,* 273 N.C. 174, 182, 159 S.E. 2d 545 (1968). Plaintiffs contend, and we agree, that they successfully met the two requirements stated above.

[3] We think plaintiffs offered evidence sufficient to show probable cause that they will be able to establish a right which they assert, namely, a right-of-way by prescription over the roadway in question. Their evidence tended to show: The road has been used continuously since 1939 as the primary, and until recently the only, means of ingress and egress to and from the home which the plaintiffs now own. Defendants and their predecessors in title have never exerted control over the road. The road was in existence for a substantial period of time before defendants built their home on or near the road. Telephone and power lines have been built along the side of the road and the meter reader for the local power company has used the road. On one occasion the prior owner from whom plaintiffs purchased their property placed a cable across the road and blocked its use for a period of three to four months. No one ever asked or received permission to use the road until approximately 1973. The road was used by the prior families who owned plaintiffs' property and their guests, invitees, and business associates. The road has been used by automobiles, tractors, trucks and other vehicular traffic and plaintiffs put gravel on the road on one occasion. While there was evidence tending to show permissive use, this would raise an issue for determination at a trial on the merits.

Our holding finds support in *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974), and *Dulin v. Faires,* 266 N.C. 257, 145 S.E. 2d 873 (1966).

On the question of irreparable loss, plaintiffs' evidence tended to show that while they built a new road into their property, it is impassable in inclement weather due to its steep incline; that they have been unable to obtain carrier contracts guaranteeing delivery to their bakery in inclement weather over the new road; that if an emergency should arise, the quickest and safest way to their home is the old road. The trial judge viewed the premises and determined that reopening the road would not greatly inconvenience defendants pending final litigation but, not to reopen it would greatly inconvenience plaintiffs. We hold that the evidence was sufficient to show a reasonable apprehension of irreparable loss.

For the reasons stated, the order appealed from is

Affirmed.

Judge ARNOLD concurs.

Judge MORRIS dissents.

Judge MORRIS dissenting.

In addition to the evidence recapitulated in the majority opinion, the plaintiffs themselves testified by their affidavit that prior to purchasing the property, they approached defendants and offered "to purchase a written right-of-way across said road which offer was necessitated by the Federal Land Bank in order to obtain a loan for the purchase of their property, and that at that time the defendant, Ardel Williams, stated, 'You can use the road all you want to, but I ain't signing nothing.' "

> "The burden of proving the elements essential to the acquisition of a prescriptive easement is on the party claiming the easement. (Citations omitted.) The law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears. (Citations omitted.) *Dickinson v. Pake,* 284 N.C. 576, 580, 201 S.E. 2d 897, 900 (1973).

I am of the opinion that plaintiffs, by their own evidence, buttressed the presumption of permissive use and did not present evidence sufficient to overcome the presumption or show use which was adverse, hostile, or under a claim of right.

I vote to reverse.