CAROLINA SQUIRE, INC. v. CHAMPION MAP CORPORATION

No. 845SC1166

(Filed 4 June 1985)

**Rules of Civil Procedure § 13— complaint dismissed—compulsory counterclaim**

There was no error in dismissing plaintiff's claim as a compulsory counterclaim to a pending declaratory judgment action where both actions arose from the same franchise agreement, both were brought about by the same set of occurrences, the claim asserted in this action was clearly extant during the pleading phase of the declaratory judgment action, none of the exceptions to the compulsory counterclaim provisions of G.S. 1A-1, Rule 13(a) were applicable, and plaintiff made no showing that it would be jeopardized if all issues were adjudicated in a single action.

APPEAL by plaintiff from *Fountain, Judge*. Order entered 10 September 1984 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 15 May 1985.

This is a civil action wherein plaintiff Carolina Squire seeks damages from defendant Champion Map Corporation for alleged breach of contract, interference with plaintiff's performance under the contract, and unfair and deceptive trade practices and methods.

Defendant Champion filed a motion to dismiss under Rule 13(a), N.C. Rules Civ. Proc., contending that the claims asserted in the present action were required to be asserted as compulsory counterclaims in a declaratory judgment action which was pending in Superior Court, Mecklenburg County. After a hearing on the motion the trial judge entered an order dismissing plaintiff's action without prejudice to file the claims asserted in this action as counterclaims in the pending action.

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for plaintiff, appellant.*

*Kennedy, Covington, Lobdell & Hickman, by John M. Murchison, Jr., and Eugene C. Pridgen, for defendant, appellee.*

HEDRICK, Chief Judge.

The question raised by this appeal is whether the trial court properly held that plaintiff's claims in the present action should have been raised as compulsory counterclaims in the previously filed declaratory judgment action and thus that plaintiff's claim should be dismissed. Plaintiff claims that, although both suits are based on the same contract and a common factual background, the nature of the actions is so disparate that the claims are not logically related, and thus the claims made in the instant action cannot be compulsory counterclaims of the pending declaratory judgment action. Defendant counters that the two suits are logically related in that the suits involve the same parties, the same franchise agreement, and the same questions as to whether either of the parties breached the franchise agreement.

G.S. 1A-1, Rule 13(a) states in relevant part:

> *Compulsory Counterclaims.*— A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

The purpose of Rule 13(a), which makes certain counterclaims compulsory, is to foster judicial economy by requiring that one court resolve all related claims in a single action. *Gardner v. Gardner*, 294 N.C. 172, 240 S.E. 2d 399 (1978).

In *Atkins v. Nash*, 61 N.C. App. 488, 300 S.E. 2d 880 (1983), this Court found that a subsequently filed claim for specific performance was a compulsory counterclaim in a prior action for damages for breach of a real estate exchange contract. In that case the court explained that both suits clearly arose out of the same transaction, both claims were extant during the pleading phase of the initial suit, and none of the exceptions to the compulsory counterclaim provision of Rule 13(a) were applicable. The instant case presents a situation similar to that analyzed in *Atkins*.

Although the suit filed first was for declaratory judgment and the present claim is for damages, both actions arise out of the

same franchise agreement and both were brought about by the same set of occurrences. The claim asserted in the present suit was clearly extant during the pleading phase of the pending action for declaratory judgment. None of the exceptions to the compulsory counterclaim provisions of Rule 13(a) are applicable. Furthermore, plaintiff has made no showing that its rights will be jeopardized if all issues are adjudicated in a single action. We therefore hold that the trial court did not err in dismissing plaintiff's claim.

Affirmed.

Judges WEBB and WHICHARD concur.