GARY W. MYERS v. H. McBRIDE REALTY, INC., MARLO INVESTMENTS, INC., D/B/A REALTY WORLD, A LANDMARK COMPANY; C. W. KIDD, SHERIFF MECKLENBURG COUNTY; LOUISE C. LILES; AND DOMER REEVES

No. 8826SC682

(Filed 16 May 1989)

1. **Execution § 11; Injunctions § 13.1 — execution sale — compliance with statutory notice requirements — plaintiff not entitled to preliminary injunction**

Plaintiff was not entitled to a preliminary injunction in his action to enjoin the sale of real property where the statutory requirements for notice of an execution sale were met when the sheriff attempted to locate plaintiff by running his name through the DMV computer, checking the city cross-reference directory, and checking the phone book; a deputy went to the address listed on the execution notice and to an address where plaintiff owned real property; plaintiff could not be located; the decision was then made by the sheriff to serve plaintiff by certified mail at his last known address; and since

the sheriff did not know which of the two addresses was plaintiff's last address, notice was sent to both. N.C.G.S. § 1-339.54.

2. **Courts § 9.4— motion to dismiss not ruled on by judge — subsequent dismissal by another judge — no appeal from one superior court judge to another**

There was no merit to plaintiff's contention that the trial court erred in hearing defendants' motions to dismiss on the ground that this action amounted to an appeal from one superior court judge to another, since the rule that one superior court judge may not review rulings of another does not apply to interlocutory orders given during the progress of an action which affect the procedure and conduct of the trial; in this case two defendants originally made motions to dismiss at the preliminary injunction hearing; the judge made no ruling on defendants' motions but left that question for later resolution; all of the defendants made motions to dismiss before the trial judge; and it was proper for the trial judge to conduct further proceedings in the matter and entertain defendants' motions which dealt with issues different from those ruled upon by the first judge.

3. **Execution § 11— action to enjoin sale of property — dismissal proper**

The trial judge did not err in dismissing plaintiff's action to enjoin the sale of his real property where he reviewed the pleadings, the case on file of the present case, and a full transcript of the hearing on plaintiff's request for preliminary injunction, and the evidence tended to show that several defendants were recipients of a money judgment in their favor at a prior proceeding; proper notice was given to plaintiff concerning his right to exemptions and the execution sales; and a valid execution sale was carried out.

APPEAL by plaintiff from *Snepp, Frank W., Judge.* Judgment entered 25 March 1988 in MECKLENBURG County Superior Court. Appeal by plaintiff from *Burroughs, Robert M., Judge.* Judgment entered 10 April 1988 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 25 January 1989.

Plaintiff is a citizen and resident of Mecklenburg County, North Carolina. Individual defendants Kidd, Liles, and Reeves are also residents of Mecklenburg County. Defendant corporations are cor-

porations duly organized and existing under and by virtue of the laws of the State of North Carolina with their principal places of business in Mecklenburg County.

On 12 September 1983 a money judgment was entered in Mecklenburg County Superior Court against plaintiff in the case of *H. McBride Realty, Inc., et al. v. Gary W. Myers,* after a trial by jury on claims of breach of contract and fraud. On 7 October 1983, counsel for defendant, then plaintiff H. McBride Realty, Inc. (McBride Realty), served Myers' counsel of record with a Notice of Right to Have Exemptions Designated. On 9 May 1984, counsel for McBride Realty again served Myers with a Notice of Right to Have Exemptions Designated. These notices were not responded to by either Myers or his attorney.

An execution notice was issued against plaintiff on 1 August 1984, which noted on its face that plaintiff made a partial payment of $500 on 27 August 1984. The 1 August 1984 execution was returned unsatisfied by the Sheriff of Mecklenburg County on 16 August 1984. On 17 June 1987, counsel for defendant McBride Realty filed an affidavit which stated that counsel had again served plaintiff on 23 April 1987 with Notice to Have Exemptions Designated. This notice was served on plaintiff by mailing the same to his last known address. Plaintiff once again failed to respond. On 8 July 1987, execution was again issued against plaintiff. There were three sales of the property located at 8737 Marshall Acres Drive pursuant to the execution of 8 July 1987: an original sale with an upset bid, a resale with another upset bid, and a final sale on 16 November 1987. Notice of the original sale held on 28 September 1987 was published in the *Mecklenburg Times,* a newspaper qualified for legal advertisements on 4 September, 11 September, 18 September, and 25 September 1987. Notice of the original sale was posted on 1 September 1987 and was sent by certified mail to plaintiff at two different addresses on 1 September 1987. Notice of the first resale was published in the *Mecklenburg Times* on 16 and 23 October 1987 for a resale scheduled for 26 October 1987. This notice was posted on 9 October 1987. Notice of the second resale to be held on 16 November 1987 was published in the *Mecklenburg Times* on 6 and 13 November 1987. This notice was posted on 30 October 1987 and sent to plaintiff at his last known address by certified mail on 6 November 1987. The sale of the property located at 8737 Marshall Acres Drive was confirmed by the Clerk of Superior Court on 1 December 1987.

On 4 December 1987 plaintiff commenced the present action by filing a complaint and an affidavit wherein plaintiff stated that he had not received notice of the sale of his property by the sheriff and that he did not learn that his property located on Marshall Acres Drive had been sold until 2 December 1987. Plaintiff's complaint contained a prayer for relief which requested *inter alia* the issuance of a temporary restraining order and preliminary injunction enjoining the sheriff from executing a deed to the property at issue. On 4 December 1987 the trial court issued a temporary restraining order and scheduled a hearing on plaintiff's request for a preliminary injunction.

A hearing was held before Superior Court Judge Robert M. Burroughs on plaintiff's request for preliminary injunction on 15 December 1987. At that hearing, defendants sheriff and Reeves made motions to dismiss plaintiff's complaint and action. Judge Burroughs did not rule on these oral motions to dismiss. Judge Burroughs issued an order in open court, making findings of fact and conclusions of law, denying the application of plaintiff for a preliminary injunction, and dissolved the temporary restraining order. Judge Burroughs authorized execution of the deed to the land at issue and disbursement of the funds but enjoined the holder of the deed from alienating the property until a hearing on the merits could be held.

A written order reiterating the order issued by Judge Burroughs in open court was subsequently prepared by counsel for defendant Sheriff of Mecklenburg County. This order was presented to plaintiff's attorney and defendants' attorneys for review. Various problems with the order and Judge Burroughs' schedule delayed the signing of the order. The order was eventually signed by Judge Burroughs on 10 April 1988.

On 15 March 1988, a hearing was held before Judge Frank W. Snepp on defendants' motions to dismiss. After reviewing the pleadings and record, including the transcript of the 15 December 1987 hearing and Judge Burroughs' bench order, Judge Snepp granted defendants' motions to dismiss in an order entered on 25 March 1988.

Plaintiff appeals from the orders of 25 March 1988 and 15 December 1987.

*William D. McNaull, Jr. for plaintiff-appellant.*

*Sandra T. Bisanar, Associate County Attorney; Kennedy, Covington, Lobdell & Hickman, by Lisa D. Hyman; and Morrison & Peniston, by Dale S. Morrison, for defendant-appellees.*

WELLS, Judge.

[1] Plaintiff argues on appeal that the trial court erred in failing to grant plaintiff's motion for a preliminary injunction.

> A preliminary injunction, as a general rule, will be issued only "(1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation."

*Robins & Weill v. Mason*, 70 N.C. App. 537, 320 S.E. 2d 693, *disc. rev. denied*, 312 N.C. 495, 322 S.E. 2d 558-59 (1984) (*quoting Investors, Inc. v. Berry*, 293 N.C. 688, 239 S.E. 2d 566 (1977)) (emphasis in original). The burden is on the plaintiff to establish his right to a preliminary injunction. *Pruitt v. Williams*, 25 N.C. App. 376, 213 S.E. 2d 369, *appeal dismissed*, 288 N.C. 368, 218 S.E. 2d 348 (1975). The issuance of a preliminary injunction "is a matter of discretion to be exercised by the hearing judge after a careful balancing of the equities." *A.E.P. Industries v. McClure*, 308 N.C. 393, 302 S.E. 2d 754 (1983) (*quoting State v. School*, 299 N.C. 351, 261 S.E. 2d 908, *appeal dismissed*, 449 U.S. 807, 101 S.Ct. 55, 66 L.Ed. 2d 11 (1980)). "[O]n appeal from an order of superior court granting or denying a preliminary injunction, an appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself." *Id.* at 402, 302 S.E. 2d at 760.

Plaintiff's argument on appeal is that the statutory requirements for notice of an execution sale were not met in the present case. As a result plaintiff argues that the evidence tended to show a likelihood of success by plaintiff on the merits and that he would suffer irreparable loss if the court did not issue the injunction. We disagree.

In execution sales, notice of execution is governed by N.C. Gen. Stat. § 1-339.51 to G.S. § 1-339.54. *See Henderson County v. Osteen*, 292 N.C. 692, 235 S.E. 2d 166 (1977). Plaintiff's argument

on appeal is primarily concerned with the requirements of G.S. § 1-339.54 which deals with notice to a judgment debtor of sale of real property. G.S. § 1-339.54 (1983) reads as follows:

> In addition to complying with G.S. 1-339.52, relating to posting and publishing the notice of sale, the sheriff shall, at least ten days before the sale of real property,
>
> (1) If the judgment debtor is found in the county, serve a copy of the notice of sale on him personally, or
>
> (2) If the judgment debtor is not found in the county,
>
>     a. Send a copy of the notice of sale by registered mail to the judgment debtor at his last address known to the sheriff, and
>
>     b. Serve a copy of the notice of sale on the judgment debtor's agent, if there is in the county a person known to the sheriff to be an agent who has custody or management of, or who exercises control over, any property in the county belonging to the judgment debtor.

In the present case plaintiff excepts to the trial court's finding that the requirements of G.S. § 1-339.54 were complied with by the issuance of a certified letter sent to plaintiff's last known address. While we are not bound by the findings of a trial court in the granting or denial of a preliminary injunction on appeal, we find that the evidence in the present case supports the findings made by the trial court concerning satisfaction of the requirements of G.S. § 1-339.54. As noted above, when the judgment debtor is not found in the county the sheriff may serve the notice of sale upon the judgment debtor by sending a copy of the notice of sale by registered mail to the judgment debtor at his last address known to the sheriff. The evidence tended to show that the deputy sheriff attempted to locate the plaintiff by running his name through the Department of Motor Vehicles' (DMV) computer. The DMV printout showed a person with plaintiff's name at a Blueberry Lane address. The deputy checked the city cross-reference directory which showed a concrete service business at that address. The phone book was checked and no one with plaintiff's name was listed. The deputy went to the address listed on the execution notice and to an address where plaintiff owned real property. The deputy could not locate plaintiff. At this point the decision was made by the Sheriff's Department to serve plaintiff by certified mail

MYERS v. H. McBRIDE REALTY, INC.

[93 N.C. App. 689 (1989)]

at his last known address. The Sheriff's Department did not know which of the two addresses was plaintiff's last address so the notice was sent to both addresses. We hold that the Sheriff's Department complied with the requirements of G.S. § 1-339.54. As plaintiff failed to show a likelihood of success on the merits of his request for a preliminary injunction, the trial court did not err in denying plaintiff's request for a preliminary injunction. The assignment of error is overruled.

[2] Plaintiff also contends that the trial court erred in hearing defendants' motions to dismiss on the grounds that this action amounted to an appeal from one superior court judge to another superior court judge. "The general rule in this jurisdiction is that ordinarily a trial judge may not review the orders, judgments, or actions of another judge of coordinate jurisdiction." *State v. Stokes*, 308 N.C. 634, 304 S.E. 2d 184 (1983). "To permit one superior court judge to overrule the final order or judgment of another would result in the disruption of the orderly process of a trial and the usurpation of the reviewing function of appellate courts." *Id.* at 642, 304 S.E. 2d at 189. "This rule does not apply, however, to *interlocutory* orders given during the progress of an action which affect the procedure and conduct of the trial." *Id.* (emphasis in original). "An interlocutory order or judgment does not determine the issues in the cause but directs further proceedings preliminary to the final decree." *Id.*, 304 S.E. 2d at 190.

In the present case, defendants Sheriff and Reeves originally made motions to dismiss before Judge Burroughs at the preliminary injunction hearing on 15 December 1987. Judge Burroughs made no ruling on defendants' motions, but left that question for later resolution. All of the defendants made motions to dismiss before Judge Snepp on 15 March 1988. Judge Snepp granted defendants' motions to dismiss on 25 March 1988.

Judge Burroughs' order of 15 December 1987 dealt solely with issues concerning the propriety of plaintiff's request for a preliminary injunction and was clearly contemplative of further proceedings on the merits. As such, Judge Burroughs' order, though denying plaintiff's request, was interlocutory in nature. Judge Burroughs did not address or render any decision on defendants' motions to dismiss. It was proper for Judge Snepp to conduct further proceedings in this matter and to entertain defendants' motions to dismiss which dealt with issues different from those ruled upon by Judge Burroughs. Plaintiff's assignment of error is overruled.

MYERS v. H. McBRIDE REALTY, INC.

[93 N.C. App. 689 (1989)]

[3] Plaintiff next assigns error to Judge Snepp's order granting defendants' motions to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We note that at the hearing on defendants' motions to dismiss, Judge Snepp reviewed the pleadings, the case file of the present case and a full transcript of the 15 December hearing. "Where matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment under Rule 56." *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 325 S.E. 2d 223 (1985). Therefore, we will examine this assignment of error in light of the rules concerning the granting of summary judgment. "A party moving for summary judgment is entitled to such judgment if he can show, through pleadings and affidavits, that there is no genuine issue of material fact requiring a trial and that he is entitled to judgment as a matter of law." *Hagler v. Hagler*, 319 N.C. 287, 354 S.E. 2d 228 (1987). "Where the pleadings or proof of the plaintiff disclose that no claim exists, summary judgment for defendant is proper." *Colonial Building Co. v. Justice*, 83 N.C. App. 643, 351 S.E. 2d 140, *disc. rev. denied*, 319 N.C. 402, 354 S.E. 2d 711 (1987). Plaintiff has failed to establish a claim upon which he may obtain relief. The evidence tends to show that several defendants were recipients of a money judgment in their favor at a prior proceeding. Proper notice was given to plaintiff concerning his rights to exemptions and the execution sales and that a valid execution sale was carried out. There appears to be no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law. The trial court order dismissing the present action is

Affirmed.

Judges BECTON and JOHNSON concur.