LOONEY v. WILSON

[97 N.C. App. 304 (1990)]

═══════════

KENNETH LOONEY, JAMES A. TRIPP, AND W. C. LOFTIS, TRUSTEES FOR THE CHURCH OF GOD, AND THE CHURCH OF GOD v. W. E. WILSON, INDIVIDUALLY, AND THE COMMUNITY BIBLE HOLINESS CHURCH

No. 897SC668

(Filed 6 February 1990)

1. **Appeal and Error § 6.2 (NCI3d)— preliminary injunction— possession of church property—appeal not premature**

An appeal from a preliminary injunction granting possession of church property to plaintiffs and ordering the pastor to vacate the property was not premature and not dismissed. N.C.G.S. § 1-277(a), N.C.G.S. § 7A-27(d)(1).

**Am Jur 2d, Injunctions §§ 345-347; Religious Societies §§ 50, 51.**

LOONEY v. WILSON

[97 N.C. App. 304 (1990)]

**2. Injunctions § 7 (NCI3d) — action for possession of church property — no demonstration of likelihood of success — no demonstration of irreparable harm**

Plaintiffs' motion for a preliminary injunction was erroneously granted in an action in which plaintiffs sought possession of church property where title to the realty was sufficiently clouded that it could not be concluded that plaintiffs had met their threshold burden of demonstrating a likelihood of success on the merits of their case. Moreover, the evidence tends to show that defendants are continuing in conditions of occupancy and use which existed over a substantial period of time and that greater harm would inure to defendants rather than to plaintiffs as a result of the issuance of the preliminary injunction, so that plaintiffs have failed to demonstrate the requisite irreparable harm.

**Am Jur 2d, Injunctions §§ 345-347; Religious Societies §§ 50, 51.**

APPEAL by defendants from *Brown, Frank R., Judge.* Order entered 20 March 1989 in WILSON County Superior Court. Heard in the Court of Appeals 8 January 1990.

Plaintiffs brought this action seeking to have themselves declared the owners of certain church property located in Wilson County. In their complaint, plaintiffs alleged in pertinent part:

. . .

4. That for the past several years, the congregation of the Community Church of God [now defendant Community Bible Holiness Church] has recognized the hierarchical structure and authority of the Plaintiff Church of God[.]

5. That the [defendants] have refused to comply with the teachings, authorities, and financial commitments of the Plaintiff Church of God, and . . . have seized the said Church property and converted it to their own personal use[.]

6. That . . . certain real property was conveyed by deed to certain trustees . . . acting on behalf of the "Community Church of God[.]"

. . .

LOONEY v. WILSON

[97 N.C. App. 304 (1990)]

8. That on or about the 26th day of August, 1988, [the] State Overseer for the Church of God . . . declared all offices of the Local Board of Trustees of the Church of God at Community to be vacant, and . . . appointed Plaintiff Trustees Kenneth Looney, James A. Tripp, and W.C. Loftis as a special Board of Successor Trustees for the purpose, among others, of conveying any and all real estate theretofore owned by the Local Board of Trustees.

9. That pursuant to said appointment, the said special Board of Successor Trustees executed deeds conveying the real property [in issue] to themselves as Trustees for the Community Church of God[.]

10. That despite said conveyance and demand upon Defendants to quit the said premises and cease the unlawful use and possession of the said premises, the Defendants refuse to vacate the premises, and are, therefore, trespassing upon the said premises.

11. That . . . Defendant W.E. Wilson was removed as pastor of the Community Church of God [but] . . . continues to reside in certain church property . . . and continues to use the said church property unlawfully and to the exclusion of the Plaintiff Church of God.

Plaintiffs sought relief, in part, in the form of a preliminary injunction restraining defendants from continuing to occupy the property.

Defendants answered, denying that plaintiffs owned the property in question, and alleged that plaintiffs' purported conveyance of the property to themselves was null and void in that plaintiffs lacked the power or authority to make such a conveyance. By their affidavit opposing plaintiffs' motion for preliminary injunction, defendants further alleged that the property in issue was acquired in 1950, prior to affiliation with plaintiff Church of God, when defendant church was named Batts Chapel Free Will Baptist Holiness Church. Upon affiliation with plaintiff Church of God in 1955, the property was conveyed by the trustees for Batts Chapel Free Will Baptist Holiness Church to the trustees for the Community Church of God. Defendants also alleged that throughout the church's history, numerous improvements, including construction of the church building, were made by the local congregation and that plaintiff Church of God in no way contributed assistance, financial or other-

LOONEY v. WILSON

[97 N.C. App. 304 (1990)]

wise. On 10 August 1988, pursuant to a duly called business meeting, the congregation voted to withdraw from the Church of God denomination, and all realty owned by the Community Church of God was thereafter conveyed to defendant Community Bible Holiness Church.

Judge Brown granted plaintiffs'. motion, and an order for preliminary injunction was issued 20 March 1989, in which the trial court granted possession of the church property (church, church grounds, and parsonage) to plaintiffs and ordered defendant Wilson, the pastor of the church, to vacate the church property. Defendants' motion for stay pending appeal was denied. By order of 20 April 1989, this Court granted defendants' petition for writ of supersedeas and temporarily stayed Judge Brown's order pending further orders of this Court.

From the order granting plaintiffs' motion for preliminary injunction, defendants appeal.

*Leon A. Lucas for plaintiffs-appellees.*

*Abrams & Clark, by Bobby G. Abrams, for defendants-appellants.*

WELLS, Judge.

[1] We first address, *ex mero motu*, whether this appeal must be dismissed as premature. A preliminary injunction is an interlocutory order. *Iredell Digestive Disease Clinic v. Petrozza*, 92 N.C. App. 21, 373 S.E.2d 449, *affirmed*, 324 N.C. 327, 377 S.E.2d 750 (1989) (*citing Pruitt v. Williams*, 288 N.C. 368, 218 S.E.2d 348 (1975)). No appeal lies from an interlocutory order unless such order affects a substantial right of the appellant, N.C. Gen. Stat. §§ 1-277(a), 7A-27(d)(1), the enforcement of which will be "lost, prejudiced or . . . less than adequately protected by exception to entry of the interlocutory order." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 362 S.E.2d 812 (1987) (and cases cited therein). Applying this test to the record before us, we conclude that this appeal is properly taken, and accordingly we proceed to an examination of the merits of the case advanced by defendants.

[2] A preliminary injunction may issue only where the moving party shows (1) a likelihood of success on the merits of his case and (2) that he is likely to sustain irreparable loss absent issuance

LOONEY v. WILSON

[97 N.C. App. 304 (1990)]

or, in the opinion of the court, issuance is necessary to protect the movant's rights during the course of the litigation. *Myers v. H. McBride Realty, Inc.*, 93 N.C. App. 689, 379 S.E.2d 70 (1989) (and cases cited therein). In reviewing the trial court's ruling on a motion for a preliminary injunction, the appellate court is not bound by the findings of the court below, but may weigh the evidence and find the facts for itself. *Id.*

Our review of the record convinces us that plaintiffs' motion for preliminary injunction was improvidently granted in this case. Title to the realty at issue is sufficiently clouded that we cannot conclude plaintiffs have met their threshold burden of demonstrating a likelihood of success on the merits of their case.

Additionally, our review of the evidence indicates that defendants, or their predecessors, have possessed and used the church property for many years, during a significant portion of which time defendant Wilson served the church as its pastor and occupied the parsonage. This evidence does not indicate that defendants have seized the church property or converted it to their own use as alleged in the complaint. Rather, the evidence tends to show that defendants are continuing in conditions of occupancy and use which have existed over a substantial period of time and that greater harm shall inure to defendants rather than to plaintiffs as a result of the issuance of the preliminary injunction. Consequently, plaintiffs have also failed to demonstrate the requisite irreparable harm.

The order granting plaintiffs' motion for preliminary injunction therefore must be and is

Reversed.

The order granting defendants' petition for writ of supersedeas is

Dissolved.

Chief Judge HEDRICK and Judge ARNOLD concur.