STEVENS v. HENRY

[121 N.C. App. 150 (1995)]

---

BOBBY G. STEVENS, PLAINTIFF v. RICHARD HENRY, ONE FOR ALL, INC. AND UNITEX, INC., DEFENDANTS

No. COA95-184

(Filed 19 December 1995)

## 1. Injunctions § 10 (NCI4th)— preliminary injunction—prohibition of disposition of secured property

The trial court properly entered a preliminary injunction in favor of plaintiff secured creditor prohibiting disposition of the secured property by the corporate debtor, its sole shareholder, and the transferee of the secured property where plaintiff showed that he is the holder of a promissory note executed by the debtor and secured by equipment and inventory; the debtor was dissolved and secured property was transferred to another corporation; and plaintiff had an agreement with the shareholder that he would not move, transfer, sell or conceal the debtor's assets without giving plaintiff ten days' notice and that a violation of the agreement would constitute an admission by the shareholder that he was acting to defraud creditors. Plaintiff thus demonstrated the likelihood of success on the merits of his action and that he would likely sustain irreparable harm if the injunction was not granted.

**Am Jur 2d, Injunctions §§ 70, 71, 78.**

**2. Injunctions § 48 (NCI4th)— injunction—plaintiff's own bond**

The trial court did not err in allowing plaintiff to post his own bond upon issuance of a preliminary injunction.

**Am Jur 2d, Injunctions §§ 310 et seq.**

**3. Pleadings § 307 (NCI4th)— compulsory counterclaim—dismissal without prejudice**

Plaintiff's claims in the present action should have been raised as a compulsory counterclaim in a previously filed action for a declaratory judgment, even though plaintiff is seeking damages, where the two actions involve the same parties; the issues arise out of the same agreement and both suits occurred because of the same set of circumstances; and plaintiff has failed to demonstrate that any of his rights would be jeopardized if the issues were adjudicated in a single action. Therefore, the trial court should have dismissed plaintiff's action without prejudice to file the claims asserted therein as a counterclaim in the pending declaratory judgment action. N.C.G.S. § 1A-1, Rule 13(a).

**Am Jur 2d, Counterclaim, Recoupment, and Setoff § 3.**

Appeal by defendant Unitex from Preliminary Injunction filed 17 October 1994 and Order Denying Motions to Dismiss, Stay or Transfer Action filed 14 November 1994 by Judge Clarence W. Carter in Surry County Superior Court. Heard in the Court of Appeals 14 November 1995.

*Sarah S. Stevens and Gus L. Donnelly for plaintiff-appellee.*

*Tuggle Duggins & Meschan, P.A., by William C. Connor, for defendant-appellant Unitex.*

JOHNSON, Judge.

This action was filed by Stevens against Unitex, Richard Henry (Henry) and One For All, Inc. (One For All) on 2 September 1994. Stevens alleges that he was the holder of a promissory note dated 15 January 1993 and executed by One For All which was secured by the equipment, inventory and office furniture of One For All; that the promissory note was in default with a balance due of $48,500.00; that One For All had been improperly dissolved by Henry, its sole shareholder; and that Henry had improperly transferred certain assets of

One For All to Unitex. Stevens sought to recover $48,500.00 under the promissory note, certain unspecified damages against defendants, possession of "secured property" in the possession of Unitex and the entry of a Preliminary Injunction prohibiting defendants from disposing of the secured property.

On 23 September 1994, Unitex filed an Answer which included a Motion to Dismiss or Stay this action on the grounds that a Guilford County action had previously been filed on 25 August 1994 and involved the same transactions and issues that are the subject matter of this action. In this Motion, Unitex asserted that Stevens' claim in this action should have been filed as a compulsory counterclaim in Guilford County and that this action should, therefore, be dismissed or stayed pending final conclusion of the declaratory judgment action. Unitex attached a filed, stamped copy of its Complaint in the Guilford County action as Exhibit A to its Answer. At the time Unitex was served with this action, Stevens was unaware and had no knowledge of the pending Guilford County action. Defendant filed an affidavit in support of this Motion making a general allegation that Unitex had substantial inventory and equipment which were not acquired from Henry or One For All, but admitted that some of its assets may have been provided by Henry.

On 26 September 1994, the trial court conducted a hearing upon plaintiff's request for a Preliminary Injunction. The court took the testimony of Stevens who testified that he had visited the offices owned by Henry and One for All several times. Henry and One For All's offices were first in Winston-Salem, North Carolina and later moved to Greensboro, North Carolina. When Stevens visited Henry's office, he saw part of the property in which he had a perfected security interest. He described the secured property in part as a screen printer, three design machines or computers and an embroidery machine.

On 13 October 1994, the trial court entered a Preliminary Injunction enjoining Unitex from disposing of specifically named equipment and any and all other equipment that was owned by One for All at the time of the dissolution, which was now in the possession of Unitex on 26 September 1994.

The court further ordered that the Order would not be effective until plaintiff posted with the Clerk of Court a cash or surety bond in the amount of $97,000.00. The trial judge added in his own hand that plaintiff may post his own bond.

On or about 17 October 1994, Stevens executed a surety bond in the amount of $97,000.00. He signed as both principal and surety. Pursuant to the court's Preliminary Injunction Order, the bond was accepted and filed by the Clerk of Court.

Thereafter, Unitex's Motion to Dismiss or Stay the action was calendared by the trial court for hearing on Monday, 14 November 1994. Following the hearing on the Motion conducted on 14 November 1994, the court entered an Order denying Unitex's Motion. On 14 November 1994, Unitex filed with this Court its notice of appeal from both the Preliminary Injunction Order entered on 13 October 1994 and filed on 17 October 1994, and from the Order denying Unitex's Motion to Dismiss this action entered on 14 November 1994.

Henry and One For All have not filed an Answer; and entry of default and partial judgment were entered by the Surry County Superior Court on April 1995 against Henry and One For All after completion of the record on appeal.

Trial courts may issue preliminary injunctions "where the moving party shows (1) a likelihood of success on the merits of his case and (2) that he is likely to sustain irreparable loss absent issuance or, in the opinion of the court, issuance is necessary to protect the movant's rights during the course of the litigation." *Looney v. Wilson*, 97 N.C. App. 304, 307-08, 388 S.E.2d 142, 144-45 (1990). On appeal, however, we are not bound by the findings of the trial court, and may weigh the evidence and facts anew. *Id.*

Notably, an appeal from an order granting a preliminary injunction is interlocutory, and no appeal may be had from an interlocutory order, unless a substantial right is affected. *Looney*, 97 N.C. App. 304, 388 S.E.2d 142. However, an appeal from an order denying a preliminary injunction may be heard if the moving party can show a likelihood of success on the merits and is likely to sustain irreparable harm if the injunction is not issued. *Id.*

[1] Plaintiff's evidence tended to show that the parties had an agreement which provided that defendant Henry would not move, transfer, sell, encumber or otherwise conceal the property or assets of the corporation or himself without first notifying plaintiff at least ten days prior to making the change. The agreement further provided that all of the assets were located at 618C Guilford College Road and that if Henry violated the agreement, it would constitute an admission by him that he was acting to defraud his creditors. Plaintiff's evidence

also shows that the property was transferred and was being used and held by someone other than One For All. Thus, plaintiff demonstrated the likelihood of success on the merits of his action and the likelihood that he would sustain irreparable harm if the injunction was not granted. Accordingly, the trial court properly granted the preliminary injunction.

Defendant has failed to show that it would suffer the loss of any substantial right. Therefore, the appeal from the interlocutory order was premature.

[2] Defendant next argues that the trial court erred in allowing plaintiff to post his own bond. This argument is without merit. This Court has stated that:

> [t]he [trial court] has power not only to set the amount of security but to dispense with any security requirement whatsoever where the restraint will do the defendant "no material damage," [citations omitted] . . . and where the applicant for equitable relief has "considerable assets and [is] . . . able to respond in damages if [defendant] does suffer damages by reason of [a wrongful] injunction [citations omitted].

*Keith v. Day*, 60 N.C. App. 559, 562, 299 S.E.2d 296, 298 (1983) (*quoting Federal Prescription Service, Inc. et al. v. American Pharmaceutical Assoc.*, 636 F.2d 755, 759 (D.C. Cir. 1980). Thus, the trial court in its discretion could provide that plaintiff may post his own bond.

[3] Defendant's final argument is that the trial court erred in denying its Motion to Dismiss or Stay this action. A denial of a motion to dismiss on the ground that there is a prior pending action is immediately appealable. *Atkins v. Nash*, 61 N.C. App. 488, 300 S.E.2d 880 (1983). Defendant argues that a prior action was filed in Guilford County requesting a declaratory judgment as to the same transactions and issues involved in the instant action. Accordingly, defendant argues that plaintiff should have raised its claims in a compulsory counterclaim in the Guilford County action pursuant to Rule 13(a) of the North Carolina Rules of Civil Procedure.

Plaintiff contends that no similarity can be found in the nature of its action and the declaratory judgment action. Plaintiff also contends that he is not entitled to seek monetary relief or any other relief which he is seeking in the instant action in a declaratory judgment action. Thus, plaintiff argues, he would not be able to pursue a per-

STEVENS v. HENRY

[121 N.C. App. 150 (1995)]

sonal judgment against defendants, as the declaratory judgment action would only define "in rem" or "quasi in rem" rights. Plaintiff's argument is that the exception to compulsory counterclaims applies, that is, a party is not required to bring a compulsory counterclaim if:

(2) The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule.

The purpose of Rule 13(a), which makes certain counterclaims compulsory, is to foster judicial economy by requiring that one court resolve all related claims in a single action. *Gardner v. Gardner*, 294 N.C. 172, 240 S.E.2d 399 (1978).

Plaintiff's contentions (1) that he is not entitled to seek monetary relief or any other relief which he is seeking in the instant action in a declaratory judgment action, and (2) that the exception to compulsory counterclaims is applicable, are without merit.

In *Carolina Squire, Inc. v. Champion Map Corp.*, 75 N.C. App. 194, 330 S.E.2d 36 (1985), the Court held that even though the first suit filed was for declaratory judgment and the second suit was for damages, that both claims arose out of the same agreement, both occurred because of the same set of occurrences and plaintiff had not shown that its rights would be jeopardized if the issues were adjudicated in a single action; the second action constituted a compulsory counterclaim that should have been raised in the declaratory judgment action.

We find in the instant case, as in *Squire*, that the suits are logically related, that they involve the same parties, that the issue arises out of the same agreement and both suits occurred because of the same set of circumstances, and that plaintiff has failed to demonstrate that any of his rights would be jeopardized if the issues were adjudicated in a single action. Therefore, we hold that plaintiff's claims in the present action should have been raised as a compulsory counterclaim in the previously filed declaratory judgment action.

We, therefore, hold that the trial judge should have dismissed plaintiff's action *without prejudice* to file the claims asserted in this action as a counterclaim in the pending declaratory judgment action.

This case is reversed and remanded to the trial division for the trial court to enter an order dismissing plaintiff's action *without prej-*

*udice* to file the claims in this action as a counterclaim in the pending declaratory judgment action in Güilford County.

Reversed and remanded.

Judges WALKER and SMITH concur.