NO. COA14-72

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA
On Relation of CITY OF
CHARLOTTE, a Municipal
Corporation,
    Plaintiff-Appellee,

v.                            Mecklenburg County
                                No. 13-CVS-14502

HIDDEN VALLEY KINGS aka
HVK or ICEE MONEY, WENDELL
McCAIN, KEVIN FUNDERBURK
and CORDELL BLAIR,
    Defendants-Appellants.


Appeal by Defendant Kevin Funderburk from preliminary injunction entered 26 August 2013 by Judge Richard D. Boner in Superior Court, Mecklenburg County. Heard in the Court of Appeals 3 June 2014.

> *Charlotte-Mecklenburg Police Department, by Assistant City Attorney Richard R. Perlungher and Deputy City Attorney Mark H. Newbold, for Plaintiff-Appellee.*

> *Arnold & Smith, PLLC, by L. Bree Laughrun and Kyle Frost, for Defendant Kevin Funderburk.*


McGEE, Judge.


The State of North Carolina, on relation of the City of Charlotte, ("Plaintiff") filed a complaint and motion for preliminary and permanent injunction against Hidden Valley

Kings, also known as HVK or ICEE Money, Wendell McCain, Kevin Funderburk, and Cordell Blair (together, "Defendants") on 12 August 2013. In its complaint, Plaintiff cited N.C. Gen. Stat. §§ 14-50.41 et seq., the "North Carolina Street Gang Nuisance Abatement Act" (hereinafter "the Act") and N.C. Gen. Stat. § 19-2.1, which provides for an action for abatement of a nuisance. The Act provides: (1) that a gang that regularly engages in criminal street gang activities constitutes a public nuisance, (2) that a trial court may enter an order enjoining a defendant from engaging in criminal street gang activity, and (3) that a trial court may "impose other reasonable requirements to prevent the defendant or a gang from engaging in future criminal street gang activities." N.C. Gen. Stat. § 14-50.43(b),(c) (2013).

The trial court held a hearing on Plaintiff's motion for preliminary injunction on 22 August 2013. Counsel for both Plaintiff and for Defendant Kevin Funderburk (hereinafter "Defendant Funderburk") were present and gave arguments to the trial court. The trial court found that Plaintiff had "no adequate remedy at law to prohibit" Defendants from "associating together for the purpose of regularly engaging in criminal street gang activity." The trial court further found that, without a preliminary injunction, Plaintiff and citizens and residents of the Hidden Valley Neighborhood and greater

Charlotte area would "suffer irreparable harm from the criminal street gang activity regularly engaged in by" Defendants. The trial court also found that Plaintiff "demonstrated a likelihood of success on the merits of the case."

The trial court ordered that Defendants were restrained and enjoined from the following:

> a. Engaging in criminal street gang activity as defined in North Carolina Gen. Stat. § 14-50.16(c);
>
> b. Driving, standing, sitting, walking, gathering or appearing, anywhere in public view or any place accessible to the public within Mecklenburg County, with any member of the HVK gang that he or she knows to be a member of the HVK gang, including but not limited to those members identified by name in this Preliminary Injunction, except when directly traveling to or from the following locations and where their presence is required: (1) inside a school or other educational facility where they are attending a class or on school business; (2) inside a church or other place of worship; (3) at a location where they are actively engaged in a legitimate business, employment, trade, training, profession or occupation; or, (4) at a location where they are attending counseling sessions or community meetings at community centers or other established organizations;
>
> c. Confronting, intimidating, annoying, harassing, threatening, challenging, provoking, assaulting or battering any person that he or she knows to be a witness to any criminal street gang activity of HVK, to be a victim of any criminal street gang activity of HVK, or to have complained about any criminal street gang activity of HVK;

d. Possessing any firearm, imitation firearm, ammunition, or deadly weapon, knowingly remaining in the presence of anyone who is in possession of such firearm, imitation firearm, ammunition or illegal weapon, or knowingly remaining in the presence of such firearm, imitation firearm, ammunition or illegal weapon, anywhere in public view or any place accessible to the public;

e. Knowingly remaining in the presence of anyone who is in possession of any illegal drugs, narcotics or paraphernalia;

f. Recruiting, soliciting, enticing, or encouraging individuals to join HVK or to perform any acts that will support HVK or its members;

g. Taking any action that prevents a member from leaving HVK, including, but not limited to, threatening or intimidating by any means, the person attempting to leave HVK or any member of that person's family or friends;

h. Participating in the unlawful possession, use or sale of any controlled substance as defined by state or federal law or the possession or use of any drug paraphernalia; and,

i. Being present on or in any private property within Mecklenburg County not open to the general public with any person that he or she knows to be a member of the HVK gang, including, but not limited to, those members identified by name in this Preliminary Injunction, except when the members are relatives of the same family and are on or in private property of a family member they share in common.

Defendant Funderburk appeals from the entry of the above preliminary injunction.

We first address whether this appeal must be dismissed as premature. "A preliminary injunction is an interlocutory order." *Looney v. Wilson*, 97 N.C. App. 304, 307, 388 S.E.2d 142, 144 (1990). There is no immediate right of appeal from an interlocutory order unless the order affects a substantial right. N.C. Gen. Stat. §§ 1-277, 7A-27(b)(3) (2013).

Issuance "of a preliminary injunction cannot be appealed prior to final judgment absent a showing that the appellant has been deprived of a substantial right which will be lost should the order 'escape appellate review before final judgment.'" *Clark v. Craven Regional Medical Authority*, 326 N.C. 15, 23, 387 S.E.2d 168, 173 (1990) (quoting *State v. School*, 299 N.C. 351, 358, 261 S.E.2d 908, 913 (1980)). "If no such right is endangered, the appeal cannot be maintained." *School*, 299 N.C. at 358, 261 S.E.2d at 913. In *School*, the defendants offered "no evidence of any substantial right which will be irrevocably lost if the state's entitlement to the preliminary injunction is not now reviewed." *Id.* The order in *School* restrained the defendants "from operating day-care centers without complying with the licensing requirements of the [Day-Care Facilities] Act." *Id.* Our Supreme Court held that the defendants'

contention that "compliance with the Act's requirements violates their constitutionally guaranteed religious freedoms goes to the heart of their legal challenge to the application of the Act itself and must await resolution at the final hearing when all the facts upon which such resolution must rest can be fully developed." *Id.*

Our Supreme Court further stated that its "refusal to allow [the] defendants' appeal is not a surrender to technical requirements of finality." *Id.* "The statutes and rules governing appellate review are more than procedural niceties. They are designed to streamline the judicial process, to forestall delay rather than engender it." *Id.* "'There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders.'" *Id.* (quoting *Veasey v. Durham*, 231 N.C. 357, 363, 57 S.E.2d 377, 382 (1950)); *see also Barnes v. St. Rose Church of Christ*, 160 N.C. App. 590, 586 S.E.2d 548 (2003).

In the present case, Defendant Funderburk offered in his brief that there is "no evidence of any substantial right which will be irrevocably lost if the state's entitlement to the preliminary injunction is not now reviewed." *School*, 299 N.C. at 358, 261 S.E.2d at 913. As discussed above, the "rule

forbidding interlocutory appeals is designed to promote judicial economy by eliminating the unnecessary delay and expense of repeated fragmentary appeals and by preserving the entire case for determination in a single appeal from a final judgment." *Love v. Moore*, 305 N.C. 575, 580, 291 S.E.2d 141, 146 (1982). "Additionally, appellate courts are almost always better able to decide the legal issues when they have before them a fully developed record." *Id.*

The record before this Court contains only a brief transcript of the short hearing before the trial court and an affidavit from a detective with the Charlotte-Mecklenburg Police Department Gang Unit. Defendant Funderburk offered no evidence during the hearing before the trial court. Defendant Funderburk has not argued any substantial right that will be irrevocably lost if the preliminary injunction is not now reviewed, and his appeal is dismissed.

Dismissed.

Judges ELMORE and McCULLOUGH concur.