IN RE: ESTATE OF MAGGIE FREEMAN FERGUSON

No. COA98-1331

(Filed 21 September 1999)

### 1. Wills— caveat—fiduciary relationship between testator and propounder

The trial court did not err in a caveat proceeding by not submitting to the jury the issue of a fiduciary relationship between the testator and propounder where the testator executed a power of attorney naming propounder attorney-in-fact contemporaneously with the execution of the will and delivered the power of attorney to propounder more than 18 months later. The record did not contain any evidence that propounder served as testator's attorney-in-fact at the time testator executed her will.

### 2. Wills— caveat—undue influence

The trial court did not err in a caveat proceeding by not instructing the jury that the propounder bore the burden of proving that he had not exercised undue influence over the testator in the execution of her will where, as a matter of law, a fiduciary relationship did not exist between testator and propounder at the time testator executed her will.

### 3. Evidence— hearsay—harmless error

The admission of hearsay testimony in a caveat proceeding was harmless error where the propounder testified that hospital personnel had told him that one of the caveators had removed testator's power of attorney from the hospital without consent. The evidence merely indicated that the caveator was concerned about the medical care choices being made by propounder and caveators have not shown that a different result would have occurred had the evidence been excluded.

Appeal by Caveators from judgment and order of Probate in Solemn Form dated 15 June 1998 by Judge Forrest Donald Bridges in Madison County Superior Court. Heard in the Court of Appeals 17 August 1999.

*Harrell & Leake, by Larry Leake, for caveator-appellants.*

*Long, Parker & Warren, P.A., by Robert B. Long, Jr. and Philip S. Anderson, for propounder-appellee.*

IN RE ESTATE OF FERGUSON

[135 N.C. App. 102 (1999)]

GREENE, Judge.

Robert Donald Banks (Banks), Heather Banks, and Tysa Banks (collectively Caveators) appeal from a judgment by jury finding the paper writing dated 3 November 1986 and submitted to the Madison County Superior Court for probate by Marvin Ball (Propounder) to be the Last Will and Testament of Maggie Freeman Ferguson (Testator).

Testator died on 23 March 1996. Following Testator's death, Propounder submitted a document dated 3 November 1986, entitled the Last Will and Testament of Testator, for probate. On 28 May 1996 Caveators filed a caveat contending the paper writing dated 3 November 1986 was not the Last Will and Testament of Testator. The caveat further alleged if Testator did sign the paper writing her signature was obtained by undue influence. Caveators then filed and the trial court granted a motion to amend the 28 May 1996 caveat to further contend that a paper writing dated 10 February 1996 was the Last Will and Testament of Testator.

Propounder presented evidence that on 2 November 1986 Testator telephoned Propounder and asked him to meet her the following day at Ponder's Auto Supply (Ponder's), a business where Testator had purchased vehicles in the past. She stated she had some papers she wanted notarized and Propounder met her at Ponder's the following day. Testator told Conley Goforth (Goforth), a notary at Ponder's, she had some papers she wanted notarized, and Testator removed a will and power of attorney from her pocketbook. Three individuals witnessed Testator's signature on the will, and Goforth notarized the power of attorney and the will. Testator then returned the executed documents to her pocketbook, and she did not give a copy of the documents to any of the parties present.

Propounder testified that around June 1988 Testator brought a will and power of attorney to his home. The will was in a sealed envelope, and Testator instructed Propounder to deliver it to Larry Leake (Leake), Testator's attorney, in the event of her death. She also instructed Propounder not to use the power of attorney, appointing him as her attorney-in-fact, unless she became sick. The will remained in a sealed envelope until Propounder delivered it to Leake following Testator's death. The will and power of attorney were dated 3 November 1986.

Caveators presented evidence that Testator did not disclose who had prepared the will and power of attorney she signed on

3 November 1986 and did not disclose when the documents were prepared.

Testator was admitted to St. Joseph's Hospital (Hospital) on 19 March 1996 and Propounder informed Hospital that he held a power of attorney for Testator. He delivered a copy of the power of attorney to Hospital and was later asked for a second copy. Propounder testified, over the objection of Caveators, that Hospital personnel told him Banks had removed Hospital's copy of the power of attorney from Hospital without consent. Hospital informed Testator she would require surgery to survive; however, she would not consent to surgery. When Testator became unresponsive Propounder, acting as her attorney-in-fact, also would not consent to surgery, and Testator died at Hospital on 23 March 1996.

At the close of the trial, Caveators requested and the trial court refused to give the following jury instruction:

Where there is a fiduciary relationship between the testator and a beneficiary, and the holding of a power of attorney creates such a fiduciary relationship, the law presumes fraud or undue influence unless that presumption is rebutted. The burden of proof is upon [Propounder] to rebut such presumption.

The trial court also refused to submit an issue to the jury as to whether a fiduciary relationship existed between Testator and Propounder when the will was executed. In rejecting this request, the trial court acknowledged that its ruling "amounts to a granting of the motion for a directed verdict on this point." The jury found the paper writing dated 3 November 1986 and submitted to probate by Propounder was the Last Will and Testament of Testator, and was not obtained by undue influence.

————————

The issues are whether: (I) the issue of a fiduciary relationship between Testator and Propounder should have been submitted to the jury; (II) the jury should have been instructed that Propounder bore the burden of proving the absence of undue influence; and, (III) Propounder's testimony of statements made by Hospital personnel was inadmissible hearsay resulting in harmful error.

I

[1] Caveators argue the trial court erred in failing to submit to the jury the issue of a fiduciary relationship between Testator and Propounder. We disagree.

The trial court is required to submit to the jury those issues "raised by the pleadings and supported by the evidence." *Johnson v. Massengill*, 280 N.C. 376, 384, 186 S.E.2d 168, 174 (1972). An issue is supported by the evidence when there is substantial evidence, considered in the light most favorable to the non-movant, in support of that issue. *See Dixon v. Taylor*, 111 N.C. App. 97, 103-04, 431 S.E.2d 778, 781 (1993). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

In this case, Caveators contend that Testator's power of attorney appointing Propounder attorney-in-fact creates a fiduciary relationship between Testator and Propounder. *See McNeill v. McNeill*, 223 N.C. 178, 181, 25 S.E.2d 615, 616 (1943) ("[I]n certain known and definite 'fiduciary relations, if there be dealing between the parties, on the complaint of the party in the power of the other, the relation of itself and without other evidence, raises a presumption of fraud.' " (quoting *Lee v. Pearce*, 68 N.C. 76, 81 (1873))). The evidence is that Testator executed a power of attorney naming Propounder attorney-in-fact contemporaneously with the execution of her will. Testator delivered the power of attorney to Propounder around June 1988, more than eighteen months after the execution of the will. The record does not contain any evidence that Propounder served as Testator's attorney-in-fact at the time Testator executed her will. *See In re Will of Atkinson*, 225 N.C. 526, 529-30, 35 S.E.2d 638, 640 (1945) (trial court's jury instruction that a power of attorney creates a fiduciary relationship between principal and attorney-in-fact held error when the power of attorney did not exist when the will was executed). The issue of whether Testator and Propounder shared a fiduciary relationship based on Testator's appointment of Propounder as her attorney-in-fact therefore should not have been submitted to the jury.

II

[2] Caveators argue the trial court should have instructed the jury that Propounder bore the burden of proving that he had not exercised undue influence over Testator in the execution of her will. We disagree.

When a fiduciary relationship exists between a propounder and testator, a presumption of undue influence arises and the propounder must rebut that presumption. *See In re Will of Atkinson*, 225 N.C. at 530, 35 S.E.2d at 640. In this case, the trial court found, and we agree, that as a matter of law a fiduciary relationship did not exist between

**IN RE ESTATE OF FERGUSON**

[135 N.C. App. 102 (1999)]

Testator and Propounder at the time Testator executed her will. The trial court therefore did not err by failing to instruct the jury that Propounder bore the burden of proof regarding the issue of undue influence.

### III

**[3]** Caveators argue the Propounder's testimony that Hospital personnel told him Banks had removed Testator's power of attorney from Hospital without consent was inadmissible hearsay. We agree that Propounder's testimony was inadmissible hearsay; however, we find admission of this testimony was harmless error.

"A party asserting error must show not only that error has been committed, but also that a different result would have ensued had the error not occurred." *Boyd v. L. G. DeWitt Trucking Co.*, 103 N.C. App. 396, 405, 405 S.E.2d 914, 920, *disc. review denied*, 330 N.C. 193, 412 S.E.2d 53 (1991); *see also* N.C.R. Civ. P. 61. We do not believe Caveators have shown that a different result would have occurred had the objectionable evidence been excluded. Indeed, the evidence merely indicates Banks was concerned about the medical care choices being made by Propounder and wanted to make sure Propounder had the authority to make those choices. Accordingly we reject Caveators' argument made to this Court that this evidence showed Banks to be a "vile" person and therefore prejudiced the jury against him.

Caveators assert two other arguments in their brief to the Court and we do not address them because they either are not supported by an assignment of error in the record, N.C.R. App. R. 10(a) (appellate court will consider only arguments supported by assignment of error), or not properly raised in the trial court. N.C.R. App. P. 10(b)(2) (appellant must raise objection to jury charge at trial).

No Error.

Judges TIMMONS-GOODSON and HORTON concur.