FRED BAARS AND CAROLE BAARS, PLAINTIFFS v. CAMPBELL UNIVERSITY, INC., NORMAN A. WIGGINS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF GLADYS CAMPBELL, DECEASED AND WILLIAM A. JOHNSON, DEFENDANTS

No. COA01-60

(Filed 5 February 2002)

## 1. Statute of Limitations and Repose— wills—inter vivos transfers—constructive fraud—legal malpractice—fraud—breach of fiduciary duty

The trial court did not err in an action challenging both inter vivos transfers made by decedent to defendant university and the underlying will by dismissing the case under N.C.G.S. § 1A-1, Rule 12(b)(6) based on the statute of limitations, because: (1) plaintiffs' complaint does not satisfy the elements of constructive fraud to allow a ten-year statute of limitations under N.C.G.S. § 1-56; (2) plaintiffs' cause of action against defendant university counsel for legal malpractice was barred by the three-year statute of limitations under N.C.G.S. § 1-15 since the last act performed by defendant is the deed of transfer he prepared in November 1990 and the lawsuit was filed in June 2000; (3) plaintiffs' cause of action alleging fraud is barred by the three-year statute of limitations under N.C.G.S. § 1-52(9) since it was filed four years and one month beyond the statute of limitations; and (4) plaintiffs' causes of action construed as a breach of fiduciary duty by defendants were governed by three-year statutes of limitations, and plaintiffs' complaint was not timely as to the remaining causes of action.

## 2. Wills— subject matter jurisdiction—caveat proceeding—inter vivos transfers—validity of will—undue influence

The trial court did not err in an action challenging both inter vivos transfers made by decedent to defendant university and the underlying will by dismissing the case under N.C.G.S. § 1A-1, Rule 12(b)(6) based on a lack of subject matter jurisdiction, because: (1) an attack on the validity of the will should have been raised in the caveat proceeding rather than this lawsuit; (2) plaintiffs' allegations of undue influence by defendants upon decedent should also have been made in the caveat proceeding rather than in this complaint; and (3) the caveat proceeding was still pending when the complaint in this case was filed.

BAARS v. CAMPBELL UNIV., INC.

[148 N.C. App. 408 (2002)]

### 3. Parties— university president—suit in individual capacity

The trial court did not err in an action challenging both inter vivos transfers made by decedent to defendant university and the underlying will by dismissing the case under N.C.G.S. § 1A-1, Rule 12(b)(6) based on plaintiffs' failure to allege a cause of action against defendant university president in his individual capacity, because: (1) defendant university president did not derive any personal benefit from his actions with respect to decedent; (2) the fact that defendant university president was decedent's alternative attorney-in-fact does not mean that he can be sued individually unless plaintiffs show he committed some wrongdoing as her attorney-in-fact; and (3) plaintiffs have failed to show that either defendant university president or defendant university acted in a fiduciary relationship to decedent.

### 4. Wills— undue influence—unauthorized practice of law by a corporation—violation of Rules of Professional Conduct

The trial court did not err in an action challenging both inter vivos transfers made by decedent to defendant university and the underlying will by dismissing the case under N.C.G.S. § 1A-1, Rule 12(b)(6) based on the fact that plaintiffs' claim that defendants allegedly violated the Revised Rules of Professional Conduct by exercising undue influence over decedent and that defendants engaged in the unauthorized practice of law were not cognizable causes of action, because: (1) a breach of a provision of the Code of Professional Responsibility is not in and of itself a basis for civil liability and evidence of purported rules violations is properly excluded when a case is subject to dismissal; (2) N.C.G.S. § 84-5 prohibiting the unauthorized practice of law by a corporation does not provide a private cause of action, and plaintiffs are private citizens; and (3) the clerk of court's issuance of letters testamentary invokes a presumption of validity until a reviewing court states otherwise, and therefore, the 1988 will and the 1990 codicil are treated as the valid last will of decedent until such time as it is overturned by a reviewing court.

Appeal by plaintiffs from orders entered 7 November 2000 by Judge E. Lynn Johnson in Harnett County Superior Court. Heard in the Court of Appeals 17 October 2001.

*Everett and Everett, by Robinson O. Everett; and Everett, Gaskins, Hancock & Stevens, by Hugh Stevens, for plaintiff appellants.*

BAARS v. CAMPBELL UNIV., INC.

[148 N.C. App. 408 (2002)]

*Adams Kleemeier Hagan Hannah & Fouts, by Daniel W. Fouts and Margaret Shea Burnham; and Stott, Hollowell, Palmer & Windham, LLP, by James C. Windham, Jr., for Norman A. Wiggins and Campbell University, Inc., defendant appellees.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Ronald C. Dilthey and Charles George, for William A. Johnson defendant appellee.*

McCULLOUGH, Judge.

This case concerns the will of Gladys Campbell, who died on 16 May 1996 at the age of eighty-seven. At the time of her death, Mrs. Campbell was a widow with no children. Plaintiffs are brother and sister, respectively, and a nephew and niece of Mrs. Campbell. On 6 June 1984, Mrs. Campbell executed a will in Florida which gave most of her estate to two charities, her brother-in-law, and several of her nieces and nephews. This will remained in effect until 1988. In 1986, Mrs. Campbell responded to a fundraising campaign by Campbell University, located in Buies Creek, North Carolina. Mrs. Campbell attended the school from 1923-24, though she was not related to the Campbells for whom the school was named. Mrs. Campbell made a $10,000.00 donation to the school's scholarship fund, and during the next two years, officials from Campbell University visited her in Florida on numerous occasions.

In early 1988, University officials personally moved Mrs. Campbell to a neighborhood near the campus, and thereafter she signed several legal documents which transferred the bulk of her sizeable estate to Campbell University. On 25 January 1988 defendant William A. Johnson (Johnson), counsel for Campbell University, drafted a new will for Mrs. Campbell. The will contained bequests to Mrs. Campbell's nieces and nephews, two charities, and Campbell University, as well as a provision naming defendant Norman A. Wiggins (Wiggins), in his capacity as President and Chief Executive Officer of the named executor, Campbell University, the executor of her estate. Mrs. Campbell executed a codicil to her 1988 will on 11 January 1990. The codicil bequeathed $100,000.00 to Campbell University's law school building fund. That sum had previously been designated for one of Mrs. Campbell's sisters, but she passed away shortly after the 1988 will was drafted.

Due to the amounts and the nature of Mrs. Campbell's assets, her estate plan was intricate. In addition to the 25 January 1988 will and the 11 January 1990 codicil, Mrs. Campbell made several *inter vivos*

transfers. On 10 March 1988, Mrs. Campbell executed two documents: (1) a Contract and Agreement, in which Mrs. Campbell agreed to move to Buies Creek, North Carolina, and Campbell University agreed to long-term care for her; and (2) a Charitable Remainder Annuity Trust Agreement. Mrs. Campbell then executed a Revocable Asset Management Trust Agreement, dated 1 April 1988. On 7 April 1989, Mrs. Campbell executed a Power of Attorney, in which Wiggins obtained a power of attorney from Mrs. Campbell for Frank Upchurch, Campbell University's Vice President of Advancement; Wiggins was named in the alternative. The power of attorney was activated on 30 June 1993. On 28 November 1990, Mrs. Campbell executed a Deed Reserving a Life Estate for her home in North Carolina. All these documents were prepared by defendant Johnson and executed by defendant Wiggins. Finally, in 1993, Mrs. Campbell gave approximately $180,000.00 to Campbell University.

Upon Mrs. Campbell's death on 16 May 1996, Wiggins presented her 1988 will and the 1990 codicil to the probate court. The Harnett County Clerk of Superior Court issued Letters Testamentary, which appointed Campbell University, by Wiggins, as the executor of Mrs. Campbell's estate. Soon thereafter, Wiggins took the "Oath of Executor" and has served in that capacity up to the present time.

Plaintiffs filed a *caveat* to their aunt's will on 16 May 1999. During discovery, plaintiffs learned for the first time about some of the documents their aunt had signed, and the extent to which Campbell University benefited from Mrs. Campbell's will. After they discovered this information, plaintiffs filed a civil complaint in Harnett County on 15 June 2000. Their complaint alleged that defendants unduly influenced Mrs. Campbell and breached their fiduciary duty to her while acquiring *inter vivos* transfers of Mrs. Campbell's assets in favor of Campbell University. In their prayer for relief, plaintiffs requested the following remedies:

1. That the Court impose a constructive trust on all assets that Campbell University has acquired, directly or indirectly, from Gladys Campbell during her life or after her death and that this trust also include any interest, profits or other proceeds received from investment or transfer of assets obtained from Gladys Campbell.

2. That the requested constructive trust be for the benefit of those persons who would be the beneficiaries under the last will of Gladys Campbell not obtained by the exercise of unlawful

influence or, in the event that no such will qualifies for probate, then for the benefit of those persons who are the heirs at law of Gladys Campbell.

3. From the assets of the constructive trust, the plaintiffs recover any costs and expenses, including any attorney fees, incurred either in connection with this litigation or in the caveat proceedings involving the estate of Gladys Campbell and that defendants be ordered to reimburse the constructive trust for any such payments.

4. That compensatory damages be awarded against the defendants to compensate the plaintiffs for any losses they may have incurred, directly or indirectly as a result of the defendants' actions.

5. That punitive damages, up to $250,000 per defendant, be awarded to the plaintiffs by reasons of defendants' conduct, with these damages to be in such amount as shall be appropriate under all the circumstances in light of such acts on the part of each defendant as may constitute a breach of the fiduciary obligation owed by such defendant to Gladys Campbell or as may constitute part of a more widely extended plan or scheme to obtain assets by the use of undue influence.

6. That plaintiffs recover from the defendants the costs of this action, including reasonable attorney fees.

7. That this case be consolidated for trial and further disposition with the pending caveat proceeding which concerns the purported will of Gladys Campbell, deceased.

Defendant Johnson filed an answer on 9 August 2000, which contained both a response to the allegations of plaintiffs' complaint and a motion to dismiss (based on six defenses) pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b) (1999). The first defense was based on the fact that there was a prior pending action (the *caveat* proceeding) in existence; defendant Johnson also asserted three defenses based on the statutes of limitations, one defense based on a lack of subject matter jurisdiction, and one defense asserting that plaintiffs were not real parties in interest. Finally, Johnson asserted that plaintiffs' claims were barred by the doctrines of *res judicata* and election of remedies.

Defendants Wiggins and Campbell University filed their joint answer on 19 September 2000, which contained both a response to

the allegations of plaintiffs' complaint and a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b). In support of their motion to dismiss, defendants recounted the same six defenses propounded by defendant Johnson, and further asserted that the case should be dismissed because plaintiffs failed to allege wrongdoing by defendant Wiggins in his individual capacity. Defendants also maintained plaintiffs' claim that Wiggins violated the Revised Rules of Professional Conduct did not constitute a cognizable cause of action. Defendants moved to strike a portion of plaintiffs' complaint and denied exerting undue influence upon Mrs. Campbell. Defendants reiterated the fact that many of the documents executed by Mrs. Campbell were revocable in nature; as to the documents which were not unilaterally revocable, defendants pointed out that Mrs. Campbell received valuable consideration and did not file a lawsuit to set them aside. Finally, defendants asserted that N.C. Gen. Stat. § 84-5 (1999) (prohibiting the practice of law by a corporation) went into effect on 1 October 1997, long after the 1988 will and the 1990 codicil were executed, and was irrelevant to the case.

On 7 November 2000, the trial court filed two orders in which it allowed defendants' motions to dismiss on six of the defenses. The trial court agreed that plaintiffs' lawsuit was barred by the statutes of limitations and allowed defendants' motions to dismiss on those three defenses. Additionally, the trial court dismissed plaintiffs' complaint because the trial court lacked subject matter jurisdiction, since the *caveat* proceeding was still pending in Harnett County at the time the complaint was filed. The trial court also agreed that defendant Wiggins could not be sued individually because all actions he took were done in his capacity as President and CEO of Campbell University, and plaintiffs did not allege misconduct on his part in his role as Mrs. Campbell's attorney-in-fact. The only document in which Wiggins was individually named was the Power of Attorney. Finally, the trial court agreed plaintiffs' claim that Wiggins violated the Revised Rules of Professional Conduct was not a cognizable cause of action; moreover, the trial court was persuaded by defendants' argument that unauthorized practice of law did not state a cognizable cause of action. The trial court's orders then dismissed plaintiffs' complaint against defendants Wiggins and Campbell University with prejudice, and dismissed plaintiffs' complaint against defendant Johnson with prejudice in its entirety. Plaintiffs appealed.

On appeal, plaintiffs argue that the trial court erred by (I) granting defendants' motions to dismiss based on the statutes of limita-

tions; (II) granting defendants' motions to dismiss based on a lack of subject matter jurisdiction; (III) granting defendants' motion to dismiss on the ground that plaintiffs did not allege a cause of action against defendant Wiggins in his individual capacity; and (IV) granting defendants' motion to dismiss on the ground that plaintiffs' allegations that defendant Wiggins violated the North Carolina Rules of Professional Conduct was not a cognizable cause of action. For the reasons set forth herein, we agree with defendants and affirm the trial court's dismissal of plaintiffs' complaint.

From the outset, we note that plaintiffs' lawsuit was dismissed by the trial court pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b). When ruling on such a motion, the trial court must decide " ' "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. . . ." ' " *Liptrap v. City of High Point*, 128 N.C. App. 353, 355, 496 S.E.2d 817, 818 (quoting *Soderlund v. N.C. School of the Arts*, 125 N.C. App. 386, 389, 481 S.E.2d 336, 338 (1997) (quoting *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987))), *disc. review denied*, 348 N.C. 73, 505 S.E.2d 873 (1998).

## I. The Statutes of Limitations

[1] By their first assignment of error, plaintiffs argue the trial court erred in granting defendants' motions to dismiss based on the statutes of limitations, because their case is governed by a ten-year statute of limitations and was timely filed. When determining the applicable statute of limitations, we are guided by the principle that the statute of limitations is not determined by the remedy sought, but by the substantive right asserted by plaintiffs. *See Speck v. N.C. Dairy Foundation*, 64 N.C. App. 419, 426, 307 S.E.2d 785, 790 (1983), *rev'd on other grounds*, 311 N.C. 679, 319 S.E.2d 139 (1984). In the present case, plaintiffs' complaint defined their cause of action as a claim for constructive fraud, which they argue has a ten-year statute of limitations, pursuant to N.C. Gen. Stat. § 1-56 (1999). Section 1-56 states:

An action for relief not otherwise limited by this subchapter may not be commenced more than 10 years after the cause of action has accrued.

To support their claim for constructive fraud, plaintiffs alleged facts and circumstances which created a relationship of trust and confidence between Mrs. Campbell and defendants that led to and sur-

BAARS v. CAMPBELL UNIV., INC.

[148 N.C. App. 408 (2002)]

rounded the consummation of the transactions of which plaintiffs complain; plaintiffs also alleged that defendants sought their own advantage during their dealings with Mrs. Campbell. Despite plaintiffs' characterization of their lawsuit in this manner, we do not find these arguments persuasive. Instead, we agree with defendants that plaintiffs' complaint does not satisfy the elements of constructive fraud. Plaintiffs' complaint was properly dismissed by the trial court because their valid causes of action were governed by three-year statutes of limitations, and plaintiffs' complaint was not timely as to those causes of action. We will examine each of these in turn.

### (a) N.C. Gen. Stat. § 1-15(c) (1999)

As to defendant Johnson, plaintiffs claim that he improperly performed professional services as an attorney for Mrs. Campbell. Claims such as this are governed by N.C. Gen. Stat. § 1-15(c), which establishes a four-year statute of repose and a three-year statute of limitations. Section 1-15(c) states:

> (c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is . . . economic or monetary loss . . . which originates under circumstances making the . . . loss . . . not readily apparent to the claimant at the time of its origin, and the . . . loss . . . is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . . .

Plaintiffs' characterization of their claim against Johnson as a "breach of fiduciary duty" is not meaningful. Instead, we believe plaintiffs' claim is one of ordinary legal malpractice. As such, it properly falls within the parameters of N.C. Gen. Stat. § 1-15(c). Careful examination of plaintiffs' complaint shows that the last act performed by Johnson of which they complain is the deed of transfer he prepared in November 1990. Since over three years had passed from that time until plaintiffs' lawsuit was filed in June 2000, plaintiffs'

claim against Johnson was barred by the statute of limitations contained in N.C. Gen. Stat. § 1-15(c).

### (b) N.C. Gen. Stat. § 1-52(9) (1999)

Plaintiffs' lawsuit is also barred by N.C. Gen. Stat. § 1-52(9). Section 1-52(9) provides a three-year statute of limitations:

(9) For relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

Our Supreme Court has held that N.C. Gen. Stat. § 1-52(9) applies " 'to all actions, both legal and equitable, where fraud is an element, and to all forms of fraud, including deception, imposition, duress, and undue influence.' " *Swartzberg v. Insurance Co.*, 252 N.C. 150, 156, 113 S.E.2d 270, 277 (1960) (quoting McIntosh, *North Carolina Practice and Procedure* § 183). *See also Little v. Bank*, 187 N.C. 1, 121 S.E. 185 (1924) (placing claims of undue influence under the three-year statute of limitations). Applying these principles to the present case, we conclude that plaintiffs' complaint was filed four years and one month beyond the statute of limitations and is, therefore, time-barred.[1]

### (c) N.C. Gen. Stat. § 1-52(1) (1999)

Defendants Campbell University and Wiggins also assert that plaintiffs' complaint arises in contract; defendants thus argue that a three-year statute of limitations applies under N.C. Gen. Stat. § 1-52(1), which states:

Within three years an action—

(1) Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections or in G.S. 1-53(1).

Defendants urge this Court to adopt the three-year statute of limitations to the extent that plaintiffs' lawsuit is construed as a breach of

---

1. We also note that the statute of limitations began no later than 16 May 1996, the date of Mrs. Campbell's death. Plaintiffs are bound by the statute of limitations as it would apply to their aunt; it does not matter when they discovered the undue influence, because plaintiffs' claim of undue influence derives from transactions between their aunt and defendants. Additionally, we recognize that Mrs. Campbell never sought to set aside any of the documents she executed and did not revoke any of her revocable estate planning documents.

fiduciary duty by defendants to Mrs. Campbell. *See Davis v. Wrenn*, 121 N.C. App. 156, 464 S.E.2d 708 (1995), *cert. denied*, 343 N.C. 305, 471 S.E.2d 69 (1996) (breach of fiduciary duty by executor is governed by the three-year statute of limitations provided in N.C. Gen. Stat. § 1-52(1)). *See also Tyson v. N.C.N.B.*, 305 N.C. 136, 142, 286 S.E.2d 561, 565 (1982) (applying Section 1-52(1) to actions regarding an executor's breach of fiduciary duties).

The crux of plaintiffs' complaint is that all the documents executed by Mrs. Campbell were improper. However, after determining that plaintiffs' lawsuit is governed by the three-year statutes of limitations, we conclude that plaintiffs were not timely with any of their filings.

| Document | Date | Expiration of Three-Year Statute of Limitations |
|---|---|---|
| Will | 25 January 1988 | 25 January 1991 |
| Contract and Agreement | 10 March 1988 | 10 March 1991 |
| Charitable Remainder Annuity Trust | 10 March 1988 | 10 March 1991 |
| Revocable Asset Management Trust | 1 April 1988 | 1 April 1991 |
| Power of Attorney | 7 April 1989 | 7 April 1992 |
| Codicil | 11 January 1990 | 11 January 1993 |
| Deed | 28 November 1990 | 28 November 1993 |

Plaintiffs' lawsuit was not filed until June 2000, more than three years after each document was executed. Plaintiffs' lawsuit is time-barred with respect to all the documents of which plaintiffs complain. Plaintiffs' first assignment of error is, therefore, overruled.

## II. The *Caveat* Proceeding and Subject Matter Jurisdiction

[2] Throughout their second assignment of error, plaintiffs argue they are not challenging the validity of the will as part of this appeal; however, after careful examination of the record below, we conclude that plaintiffs are challenging not only the *inter vivos* transfers made by their aunt, but also the underlying will.

In their brief to this Court, plaintiffs assert that "the caveat is concerned with the validity of the will and the civil complaint that is the subject of this action is only attacking the validity of the *inter vivos* transactions." We do not agree. Paragraph 9 of plaintiffs' complaint makes the following allegation:

9. The execution of the purported will (in January 1988) was the result of a plan on the part of agents and representatives of Campbell University to have her transfer to Campbell University, by will, contract and agreement, trust agreement, and otherwise almost all of the assets which belonged to Gladys Campbell and thereby inevitably deprive the members of her family, who were the natural objects of her affection, of opportunity for benefit from these transferred assets during her life *or at her death.*

(Emphasis added.) This language indicates that the will itself was under attack by plaintiffs in both their complaint and in the *caveat* proceeding.

To the extent that plaintiffs' complaint states Campbell University obtained property from the probate of Mrs. Campbell's will, we conclude their exclusive remedy is the *caveat* proceeding. We also take judicial notice of the fact that Mrs. Campbell's 1988 will and her 1990 codicil were deemed valid by the Harnett County Superior Court on 24 April 2001, as part of the disposition of the *caveat* proceeding. (In the Matter of the Will of Gladys Baars Campbell, No. 96 E 227; appealed to the North Carolina Court of Appeals, No. COA01-1223; filed 28 September 2001 and docketed 5 October 2001.) Therefore, until such time as the will and codicil are deemed invalid, we will treat them as the valid last will and codicil of Mrs. Campbell.

N.C. Gen. Stat. § 31-32 (1999) states:

At the time of application for probate of any will, and the probate thereof in common form, or at any time within three years thereafter, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will: Provided, that if any person entitled to file a caveat be within the age of 18 years, or insane, or imprisoned, then such person may file a caveat within three years after the removal of such disability.

Notwithstanding the provisions of the first paragraph of this section, as to persons not under disability, a caveat to the probate of a will probated in common form prior to May 1, 1951, must be filed within seven years of the date of probate or within three years from May 1, 1951, whichever period of time is shorter.

In general, "[t]he purpose of a caveat is to determine whether the paperwriting purporting to be a will is in fact the last will and testament of the person for whom it is propounded." *In re Spinks*, 7 N.C. App. 417, 423, 173 S.E.2d 1, 5 (1970). "The filing of a caveat is the customary and statutory procedure for an attack upon the testamentary value of a paperwriting which has been admitted by the clerk of superior court to probate in common form." *Id.* An attack upon a will offered for probate must be direct and by *caveat*; a collateral attack is not permitted. *In re Will of Charles*, 263 N.C. 411, 415, 139 S.E.2d 588, 591 (1965); *see also Johnson v. Stevenson*, 269 N.C. 200, 202, 152 S.E.2d 214, 216 (1967); and *Casstevens v. Wagoner*, 99 N.C. App. 337, 338, 392 S.E.2d 776, 778 (1990). Additionally, a direct attack by *caveat* has been held a complete and adequate remedy at law, such that a plaintiff is not entitled to equitable relief. *Johnson*, 269 N.C. at 204, 152 S.E.2d at 217.

Plaintiffs requested the imposition of a constructive trust in their complaint, as well as damages. To the extent that such relief is predicated upon the provisions of Mrs. Campbell's will, those issues were properly dismissed by the trial court, as they constituted an attack on the validity of the will and should have been raised in the *caveat* proceeding, rather than in this lawsuit. We further note that "[a]n attack on the validity of a will most commonly deals with issues involving undue influence and testamentary capacity." *Brickhouse v. Brickhouse*, 104 N.C. App. 69, 72, 407 S.E.2d 607, 609-10 (1991). Thus, plaintiffs' allegations of undue influence by defendants upon their aunt should also have been made in the *caveat* proceeding, rather than in this complaint. Such action is the correct method of disposition under N.C. Gen. Stat. § 1A-1, Rule 12(h)(3) (1999), which states:

Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action.

Therefore, to the extent the complaint and the *caveat* deal with the same issues and request resolution of those issues, the trial court did not have subject matter jurisdiction to consider the later filed complaint when the *caveat* proceeding was still pending in Harnett County. As the trial court lacked subject matter jurisdiction to decide the propriety of the transfers effectuated by Mrs. Campbell's will, plaintiffs' second assignment of error is overruled.[2]

2. We note that plaintiffs requested an equitable remedy (the constructive trust) in their complaint. If plaintiffs successfully challenged the validity of the will in the *caveat* proceeding, they would be able to set aside their aunt's 1988 will and 1990 cod-

### III. Claims Against Wiggins in His Individual Capacity

[3] Plaintiffs next argue it was proper for them to assert causes of action against defendant Wiggins in his individual capacity because "a person is personally liable for all torts committed by him, notwithstanding that he may have acted as an agent for another or as an officer for a corporation." *Baker v. Rushing*, 104 N.C. App. 240, 247, 409 S.E.2d 108, 112 (1991). Plaintiffs also assert that Wiggins is liable to plaintiffs for "facilitation of fraud." Defendant Wiggins maintains that the claims against him in his individual capacity were properly dismissed because " '[d]ismissal of a complaint is proper under the provisions of Rule 12(b)(6) of the North Carolina Rules of Civil Procedure . . . when some fact disclosed in the complaint necessarily defeats the plaintiff's claim.' " *Hooper v. Liberty Mut. Ins. Co.*, 84 N.C. App. 549, 551, 353 S.E.2d 248, 250 (1987) (quoting *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985)).

Examination of the 4 June 1996 Letters Testamentary indicates that the Clerk of Harnett County Superior Court named Campbell University, Inc., by Norman A. Wiggins, as the Executor of the Estate of Gladys Baars Campbell. Wiggins asserts that plaintiffs' complaint alleges no facts which demonstrate any wrongdoing by Wiggins himself. Since conclusions of law or unwarranted deductions of fact are not considered during a motion to dismiss, plaintiffs' failure to allege such facts is fatal to this claim. Plaintiffs' complaint specifically refers to Wiggins as President of Campbell University. There are many examples in plaintiffs' complaint wherein they describe actions by Wiggins as done "on behalf of Campbell University." Wiggins did not derive any personal benefit from his actions with respect to Mrs. Campbell. Also, the simple fact that defendant Wiggins was Mrs. Campbell's alternate attorney-in-fact does not mean that he can be sued individually, unless plaintiffs show he committed some wrongdoing as her attorney-in-fact. We also note that, aside from the fact that Wiggins was named as alternate attorney-in-fact under Mrs. Campbell's Power of Attorney, plaintiffs have failed to show that either Wiggins or Campbell University acted in a fiduciary relationship to Mrs. Campbell. *See In re Estate of Ferguson*, 135 N.C. App. 102, 105, 518 S.E.2d 796, 798-99 (1999) ("trial court's jury instruction that a power of attorney creates a fiduciary relationship between principal and attorney-in-fact held error when the power of attorney did not exist when the will was executed"), *id.* (quoting *In re Will of*

icil and could offer her earlier 1984 will for probate. At no point, however, would plaintiffs be entitled to equitable remedies as a result of the *caveat* proceeding.

*Atkinson,* 225 N.C. 526, 529-30, 35 S.E.2d 638, 640 (1945)). Therefore, because plaintiffs were unable to allege facts showing wrongdoing by Wiggins as an individual against Mrs. Campbell, their third assignment of error is overruled.

## IV. Ethics Violations and Unauthorized Practice of Law Claims

**[4]** Finally, plaintiffs assert Wiggins and Campbell University exercised undue influence over Mrs. Campbell, violated the Rules of Professional Conduct, and engaged in the unauthorized practice of law, all in furtherance of their "goal" of unduly influencing Mrs. Campbell. Plaintiffs argue they are not suing defendants for violating specific aspects of the law, but rather for unduly influencing Mrs. Campbell into executing documents favoring Campbell University.

This Court has held that "a breach of a provision of the Code of Professional Responsibility is not 'in and of itself . . . a basis for civil liability . . . .' " *Webster v. Powell,* 98 N.C. App. 432, 439, 391 S.E.2d 204, 208 (1990), *aff'd,* 328 N.C. 88, 399 S.E.2d 113 (1991) (quoting *McGee v. Eubanks,* 77 N.C. App. 369, 374, 335 S.E.2d 178, 181 (1985), *disc. review denied,* 315 N.C. 589, 341 S.E.2d 27 (1986)). Also, evidence of purported rules violations is properly excluded when a case is subject to dismissal. *Id.* This rule of law was incorporated into Revised Rule of Professional Conduct 0.2 as follows:

> Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

Plaintiffs also cite N.C. Gen. Stat. § 84-5 (1999) in their complaint and argue it prohibits unauthorized practice of law by a corporation.

However, that statute does not provide a private cause of action. Since plaintiffs are private citizens, they cannot recover for any alleged violation of this statutory provision. *See Vanasek v. Duke Power Co.*, 132 N.C. App. 335, 338, 511 S.E.2d 41, 44, *cert. denied*, 350 N.C. 851, 539 S.E.2d 13 (1999). We also agree with defendants' position that the Clerk of Harnett County Superior Court issued Letters Testamentary and such action invokes a presumption of validity until a reviewing court states otherwise. We will therefore treat the 1988 will and the 1990 codicil as the valid last will of Mrs. Campbell until such time as it is overturned by a reviewing court.

Based on a careful review of the record and the arguments presented by the parties, we conclude the trial court properly dismissed plaintiffs' action.

Affirmed.

Judges WYNN and BRYANT concur.