DAVID E. SHOAF AND JACQUELINE S. COOPER, PLAINTIFFS V. JEFFERY S. SHOAF AND BRYAN C. THOMPSON, AS REPRESENTATIVE OF THE ESTATE OF IRENE GARWOOD SHOAF, DEFENDANTS

No. COA11-863

(Filed 20 March 2012)

1. **Wills—caveat proceeding—separate civil action—prior pending action doctrine inapplicable**

The trial court did not err in an action involving a will dispute by denying defendant's motion to dismiss plaintiffs' claims for conversion, breach of fiduciary duty, and constructive fraud on the basis of the prior pending action doctrine. Although the caveat proceeding initiated by plaintiffs and plaintiffs' separate civil claim involved the same parties, the two proceedings did not present the same legal issues or demand the same relief and the existence of the caveat proceeding did not preclude the maintenance of plaintiffs' separate civil action.

SHOAF v. SHOAF

[219 N.C. App. 471 (2012)]

**2. Jurisdiction—subject matter—wills—conversion—breach of fiduciary duty—constructive fraud—not impermissible collateral attack**

The trial court did not lack jurisdiction over the subject matter of plaintiffs' civil action alleging conversion, breach of fiduciary duty, and constructive fraud. The action did not constitute an "impermissible collateral attack" on the validity of the deceased's will as the complaint did not seek a determination of the validity of the contested will or require the trial court to make such a determination in the course of deciding other issues.

**3. Wills—caveat proceeding—separate civil action—denial of stay—no possibility of legally inconsistent verdicts**

The trial court did not err in a case involving a will dispute by failing to stay plaintiffs' civil action alleging conversion, breach of fiduciary duty, and constructive fraud until plaintiffs' caveat proceeding had been resolved. The denial of defendant's stay motion did not expose defendant to the possibility of legally inconsistent verdicts.

Appeal by defendant from order entered 25 March 2011 by Judge Lindsay R. Davis, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 15 December 2011.

*Craige Brawley Liipfert & Walker LLP, by William W. Walker, for Plaintiffs-appellees.*

*Wilson Helms & Cartledge, LLP, by G. Gray Wilson, and Stuart H. Russell, for Defendants-appellants.*

ERVIN, Judge.

Defendant Jeffery S. Shoaf[1] appeals from an order denying his motion to dismiss or to stay an action brought against him by Plaintiffs David E. Shoaf and Jacqueline S. Cooper. On appeal, Defendant argues that the trial court erred by denying his motion to dismiss this case based on the prior pending action doctrine given that, in Defendant's view, the same parties, issues, and requested

---

1. Although Bryan Thompson was named as a party defendant in his capacity as representative of Irene Shoaf's estate, Mr. Thompson is a "nominal defendant against whom no judgment is demanded and no relief asked." *Barnhardt v. Smith*, 86 N.C. 473, 478 (1882). As a result of the fact that Mr. Thompson did not note an appeal from the trial court's order, the word "Defendant" as used in this opinion refers exclusively to Jeffery S. Shoaf.

SHOAF v. SHOAF

[219 N.C. App. 471 (2012)]

relief are involved in both this case and a caveat proceeding insti-
tuted by Plaintiffs; on the basis that the trial court lacked jurisdiction
over the subject matter at issue in this case given that Plaintiffs' com-
plaint amounts to an impermissible collateral attack on the validity of
a disputed will; and by denying his motion to stay this case until the
validity of the disputed will has been resolved in the pending caveat
proceeding. After careful consideration of Defendant's challenges to
the trial court's order in light of the record and the applicable law, we
conclude that the trial court's order should be affirmed.

## I.  Background

### A.  Substantive Facts

Irene Shoaf was born on 23 March 1921 and died on 5 October
2009. Plaintiffs are Ms. Shoaf's adult children, while Defendant is her
grandson. After Ms. Shoaf's husband died in 1976, she lived alone in
Winston-Salem. In 1998, Defendant began living with Ms. Shoaf and
assisting her with carrying out various daily activities, including buy-
ing her groceries and household supplies, taking her to the doctor,
and managing her bank accounts and other financial matters.

In December 2000 and January 2001, Ms. Shoaf conveyed some or
all of her residence to Defendant and moved into a condominium,
leaving Defendant in sole possession of her former residence.
Between 2002 and 2009, Defendant engaged in a variety of transac-
tions involving certain of Ms. Shoaf's assets. In September 2002,
Defendant utilized Ms. Shoaf's home to secure a $50,000.00 line of
credit. On 23 February 2005, Ms. Shoaf executed a power of attorney
naming Defendant as her attorney in fact, and executed a deed trans-
ferring a 2.378 acre tract of real property to Defendant. According to
this power of attorney, which remained in effect throughout the
remainder of her life, Defendant had the authority to act for Ms. Shoaf.

After engaging in these transactions, Defendant married Crystal
Shoaf. In April 2005, Defendant and Crystal Shoaf encumbered Ms.
Shoaf's home with a deed of trust that secured a $214,900.00 loan.
Subsequently, Ms. Shoaf's health declined and her mental condition
deteriorated. In October, 2006, Defendant took Ms. Shoaf to an attor-
ney's office, where she executed a will in which she left half of her
estate to Defendant.

### B.  Procedural History

After Ms. Shoaf's death, the Forsyth County Clerk admitted to
probate a document dated 18 October 2006 and entitled the "Last Will

and Testament of Irene Garwood Shoaf" ("the contested will"), in which Ms. Shoaf left her property to Plaintiffs and Defendant. As of the time of Ms. Shoaf's death, her estate had no assets. On 9 November 2010, Plaintiffs filed a caveat in which they alleged that the contested will lacked validity because Ms. Shoaf did not have "sufficient mental capacity to make and execute a will at the time the document was signed" and because "execution of the document was procured by undue influence." On 19 November 2010, Plaintiffs filed a separate civil action against Defendant in which they sought compensatory and punitive damages for conversion, breach of fiduciary duty, and constructive fraud and asked to have certain instruments that Ms. Shoaf executed in favor of Defendant set aside or to have a constructive trust in favor of Ms. Shoaf's estate imposed on the property transferred pursuant to those instruments based upon allegations of fraud, Defendant's failure to pay the purchase price, and Ms. Shoaf's lack of mental capacity to enter into these transactions. On 26 January 2011, Defendant filed a motion to dismiss or stay Plaintiffs' separate civil action in which he argued that the trial court lacked jurisdiction over the subject matter implicated by Plaintiffs' claims; that Plaintiffs' claims were barred by the prior pending action doctrine; that Plaintiffs had failed to state claims for which relief could be granted; that Plaintiffs' claims were barred by the applicable statute of limitations; and that Plaintiffs lacked standing to seek to have assets transferred from Defendant to Ms. Shoaf's estate. On 25 March 2011, the trial court entered an order denying Defendant's motions to dismiss Plaintiffs' separate civil action for an alleged lack of subject matter jurisdiction, the existence of a prior pending action, failure to plead the claims asserted in the complaint with sufficient specificity, and failure to state a claim for which relief could be granted and to stay the separate civil proceeding pending completion of the caveat proceeding. Defendant noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Standard of Review

In his brief, Defendant contends that the trial court erred by denying his motion to dismiss Plaintiffs' claims on the basis of the prior pending action doctrine; by denying his motion to dismiss for lack of subject matter jurisdiction; and by failing, in the alternative, to order that Plaintiffs' separate civil action be stayed until resolution of the issues that have been raised in the caveat proceeding. As a result of the fact that Defendant's dismissal motions raise issues of

law, the trial court's refusal to dismiss Plaintiffs' complaint is subject to *do novo* review. *Transp. Servs. of N.C., Inc. v. Wake Cnty. Bd. of Educ.*, 198 N.C. App. 590, 593, 680 S.E.2d 223, 225 (2009) (stating that "[t]his Court reviews *de novo* a trial court's ruling on a motion to dismiss"). However, we review a trial court order denying a request for a stay using an abuse of discretion standard. *Lawyers Mut. Liab. Ins. Co. v. Nexsen Pruet Jacobs & Pollard*, 112 N.C. App. 353, 356, 435 S.E.2d 571, 573 (1993) (utilizing an abuse of discretion standard to review a trial court's decision to grant a stay pursuant to N.C. Gen. Stat. § 1-75.12).[2]

## B.  Prior Pending Action

**[1]** According to Defendant, the caveat proceeding is a prior pending action. Defendant argues that, since the caveat and Plaintiffs' separate civil action involve the same parties and the same legal issues, the caveat bars the maintenance of Plaintiffs' separate civil action. We do not find this argument persuasive.

"Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island*, 326 N.C. 552, 558, 391 S.E.2d 182, 185 (1990) (citing *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 398, 72 S.E.2d 860, 862 (1952)) (other citation omitted). "The 'prior pending action' doctrine involves 'essentially the same questions as the outmoded plea of abatement,' and is, obviously enough, intended to prevent the maintenance of a 'subsequent action [that] is wholly unnecessary[.]' " *Jessee v. Jessee*, ___ N.C. App ___, ___, 713 S.E.2d 28, 37 (2011) (quoting *Nationwide Mut. Ins. Co. v. Douglas*, 148 N.C. App. 195, 197, 557 S.E.2d 592, 593 (2001), and *State ex rel. Onslow County v. Mercer*, 128 N.C. App. 371, 375, 496 S.E.2d 585, 587 (1998)). " 'The ordinary test for determining whether or not

---

2. Although the order from which Defendant has noted an appeal is clearly interlocutory, this Court has held that the denial of a dismissal motion predicated on the prior pending action doctrine is immediately appealable. *Stevens v. Henry*, 121 N.C. App. 150, 154, 464 S.E.2d 704, 707 (1995) (stating that ["a] denial of a motion to dismiss on the ground that there is a prior pending action is immediately appealable") (citing *Atkins v. Nash*, 61 N.C. App. 488, 489, 300 S.E.2d 880, 881 (1983)). In view of the fact that we clearly have jurisdiction over Defendant's prior pending action claim and the fact that all three of Plaintiffs' claims are interrelated, we elect to address Defendant's remaining claims on the merits as well, *Newcomb v. County of Carteret*, ___ N.C. App. ___, ___, 701 S.E.2d 325, 338-39 (2010), *disc. review denied*, 365 N.C. 212, 710 S.E.2d 26 (2011), without expressing any opinion concerning the validity of Defendant's contention that the challenged orders affect a substantial right.

the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?' " *Jessee*, ___ N.C. App. at ___, 713 S.E.2d at 37 (quoting *Cameron v. Cameron*, 235 N.C. 82, 85, 68 S.E.2d 796, 798 (1952), and citing *Clark v. Craven Regional Medical Authority*, 326 N.C. 15, 20, 387 S.E.2d 168, 171 (1990)). Although the caveat and Plaintiffs' separate civil claim involve the same parties, the two proceedings do not present the same legal issues or demand the same relief.

The caveat proceeding initiated by Plaintiffs seeks a judgment that the 18 October 2006 will lacks validity on the grounds that Ms. Shoaf lacked the mental capacity to make a will at the time of its execution and that the execution of the contested will was procured by undue influence on the part of Defendant. "A person has testamentary capacity within the meaning of the law if he has a clear understanding of the nature and extent of his act, of the kind and value of the property devised, of the persons who are the natural objects of his bounty, and of the manner in which he desires to dispose of property to be distributed[.]" *In re Staub's Will*, 172 N.C. 138, 141, 90 S.E. 119, 121 (1916) (citation omitted). The "competency of a testator to make a will is to be determined as of the date of its execution. Evidence of capacity at other times is important only in so far as it tends to show mental condition at the time of such execution." *In re Will of Hall*, 252 N.C. 70, 77, 113 S.E.2d 1, 6, (1960) (citing *In re Will of Hargrove*, 206 N.C. 307, 309, 173 S.E. 577 (1934), and *In re Will of Stocks*, 175 N.C. 224, 225, 95 S.E. 360, 361 (1918)). Similarly, "undue influence" is " 'something operating upon the mind of the person whose act is called in judgment, of sufficient controlling effect to destroy free agency and to render the instrument, brought in question, not properly an expression of the wishes of the maker, but rather the expression of the will of another.' " *In re Will of Jones*, 362 N.C. 569, 574, 669 S.E.2d 572, 577 (2008) (quoting *In re Will of Turnage*, 208 N.C. 130, 131, 179 S.E. 332, 333 (1935)). As a result, the issues raised by the caveat are whether Ms. Shoaf had the requisite mental capacity to execute a will on 18 October 2006 and whether the execution of the contested will was procured by undue influence on the part of Defendant. Although a verdict in favor of Plaintiffs in the caveat proceeding would result in the disposition of Ms. Shoaf's estate on some basis other than that set forth in the contested will, such a verdict would not determine what assets should properly be considered to belong to Ms. Shoaf's estate.

In their separate civil action, on the other hand, Plaintiffs allege that Defendant improperly obtained possession of some of Ms. Shoaf's assets during her lifetime; converted in excess of $100,000 in funds and various items of personal property to his own use; engaged in constructive fraud by effectuating various transactions involving Ms. Shoaf for his own benefit; and took advantage of Ms. Shoaf's declining mental and physical faculties to obtain property to which he was not entitled. "The simple definition of conversion is 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.' " *Mace v. Pyatt*, 203 N.C. App. 245, 256, 691 S.E.2d 81, 90 (2010) (quoting *Myers v. Catoe Construction Co.*, 80 N.C. App. 692, 695, 343 S.E.2d 281, 283 (1986)), *disc. review denied*, 364 N.C. 614, 705 S.E.2d 354 (2010). " 'The elements of a constructive fraud claim are proof of circumstances (1) which created the relation of trust and confidence [the 'fiduciary' relationship], and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.' " *Bogovich v. Embassy Club of Sedgefield*, ___ N.C. App ___, ___, 712 S.E.2d 257, 262 (2011) (quoting *Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 28, 560 S.E.2d 817, 823, *disc. review denied*, 356 N.C. 164, 568 S.E.2d 196 (2002) (internal citation omitted). In the event that they were to prevail in the separate civil action, Plaintiffs might be entitled to the entry of a judgment invalidating the transfer of certain items of property from Ms. Shoaf to Defendant, requiring the conveyance of certain assets from Defendant to Ms. Shoaf's estate, and awarding compensatory and punitive damages. Aside from the fact that the claims asserted in Plaintiffs' separate civil action have different elements and require proof of different facts from those at issue in the caveat proceeding, Plaintiffs' separate civil action does not involve a challenge to the validity of the contested will or require either a determination of Ms. Shoaf's capacity to execute a will as of 18 October 2006 or the extent to which Defendant procured the contested will by undue influence. As a result, after carefully reviewing the record, we conclude that the two proceedings do not involve the same legal issues or request the same relief, that the existence of the caveat proceeding does not preclude the maintenance of Plaintiffs' separate civil action, and that the trial court did not err by denying Defendant's motion to dismiss on the basis of the prior pending action doctrine.

In urging us to reach a contrary result, Defendant argues that the separate civil action and the caveat "both concern four central issues," which Defendant characterizes as (1) the validity of the 18 October 2006 will; (2) whether Defendant owed a fiduciary duty to Ms. Shoaf; (3) whether the contested will was procured by Defendant's undue influence; and (4) the extent to which Ms. Shoaf was competent to execute a will on 18 October 2006. However, a proper resolution of the issues before the trial court in the caveat proceeding does not require consideration of the extent to which Defendant owed a fiduciary duty to Ms. Shoaf. Similarly, a proper resolution of the issues raised by the separate civil action does not require a determination of the validity of the contested will, whether Ms. Shoaf was mentally competent to execute a will on 18 October 2006, or whether the execution of the contested will was procured by undue influence. Although both proceedings do, at a very general level, arise from interactions between Defendant and Ms. Shoaf, the caveat proceeding focuses exclusively on Ms. Shoaf's mental state on 18 October 2006 and the extent of Defendant's influence over the execution of the contested will while the separate civil action is focused exclusively on whether Defendant unlawfully or improperly obtained ownership of Ms. Shoaf's assets during her lifetime. As a result, we conclude, contrary to Defendant's contention, that the two proceedings are not focused on the same "four central issues."

In addition, Defendant cites *Baars v. Campbell Univ., Inc.*, 148 N.C. App. 408, 558 S.E.2d 871, *disc. review denied*, 355 N.C. 490, 563 S.E.2d 563 (2002), for the proposition that the caveat constitutes a prior pending action. In *Baars*, the plaintiffs filed a caveat seeking to have the decedent's will invalidated on undue influence grounds and a separate civil action in which they alleged that the defendants had breached a fiduciary duty owed to the decedent and requested that a constructive trust be imposed on all assets that the defendants had acquired, directly or indirectly, from the decedent either during her life or after her death. On appeal, this Court upheld the trial court's decision to dismiss the plaintiffs' separate civil action on the grounds that the claims asserted in that proceeding were barred by the applicable statute of limitations, stating that, "after determining that plaintiffs' lawsuit is governed by the three-year statute of limitations, we conclude that plaintiffs were not timely with any of their filings." *Baars*, 148 N.C. App at 417, 558 S.E.2d at 876. In addition, we noted[3]

---

3. The comments made in *Baars* concerning the prior pending action issue are, arguably, *dicta*, given that we had already upheld the dismissal of the plaintiffs' separate civil action on statute of limitations grounds.

that both the caveat and the separate civil action challenged the validity of the underlying will and stated that, "to the extent" that the civil action involved a challenge to the decedent's will or an assertion that the defendants had improperly obtained property as a result of the admission of the disputed will to probate, the exclusive remedy available to the plaintiff was a caveat proceeding. As a result, we conclude that *Baars* is not controlling in this case because Plaintiffs' complaint, unlike the complaint at issue in *Baars*, does not challenge the validity of Ms. Shoaf's will or seek to recover property obtained pursuant to that instrument.

Thus, as the trial court appears to have recognized, the caveat challenges the validity of the contested will while the separate civil action asserts claims arising from Defendant's involvement in transactions that occurred during Ms. Shoaf's lifetime for the purpose of seeking to have certain property returned to Ms. Shoaf's estate. Simply put, the two cases involve different issues and different requests for relief. For that reason, we conclude that the trial court did not err by denying Defendant's motion to dismiss Plaintiffs' separate civil action on the basis of the prior pending action doctrine.

## C. Subject Matter Jurisdiction

[2] Secondly, Defendant argues that the trial court lacked jurisdiction over the subject matter of Plaintiffs' separate civil action because it constituted an "impermissible collateral attack" on the validity of Ms. Shoaf's will. *Johnson v. Stevenson*, 269 N.C. 200, 204, 152 S.E.2d 214, 217 (1967) (stating that "[t]he right of direct attack by *caveat* gave [the plaintiff] a full and complete remedy at law" depriving her of the right to seek equitable relief) (citing *Insurance Co. v. Guilford County*, 225 N.C. 293, 300, 34 S.E.2d 430, 434 (1945). In support of this contention, Defendant argues that both the caveat proceeding and the separate civil action involve issues pertaining to Ms. Shoaf's capacity to engage in certain transactions and to execute various documents at different times between 2005 and Ms. Shoaf's death in 2009. More specifically, Defendant notes that Plaintiffs allege in their separate civil action that:

> In October 2006, defendant took Irene to a local lawyer . . . and defendant caused Irene to execute a will that left half of her property to defendant. Defendant knew that, by October 2006, Irene's doctors had diagnosed Irene as suffering from dementia and memory loss and that Irene lacked the mental capacity to make and execute a will. This episode was

part of a continuing pattern whereby defendant breached his fiduciary duty to Irene and took advantage of her declining mental health, all to his benefit.

The inclusion of this allegation to the effect that, as part of a continuing pattern of attempting to obtain Ms. Shoaf's assets, Defendant had Ms. Shoaf execute a will that benefitted him personally, despite knowing that she was in no condition to do so, represents nothing more than an assertion of alleged fact and does not constitute an attempt to obtain the entry of a judgment invalidating the contested will. On the contrary, the complaint that Plaintiffs filed in the separate civil action does not seek a determination of the validity of the contested will or require the trial court to make such a determination in the course of deciding other issues. As a result, given that the "collateral attack" argument is the only basis upon which Defendant has challenged the trial court's jurisdiction over the subject matter implicated in Plaintiffs' separate civil action, we hold that the trial court did not err by denying Defendant's request that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

### D. Stay

[3] Finally, Defendant argues that the trial court erred by failing to stay Plaintiffs' civil action until the caveat proceeding had been resolved. According to Defendant, "the Caveat and Civil Action will be tried on the same issues and staying the Civil Action will avoid inconsistent verdicts on those issues." More particularly, Defendant contends that, in the absence of the requested stay, the jury in the caveat proceeding might find that the contested will was valid and the jury in the separate civil action might find that Ms. Shoaf lacked the mental capacity to properly execute certain other disputed instruments at various times between 2005 and 2009. However, since the validity of the contested will is not at issue in the separate civil action, the jury empanelled to decide that proceeding would not need to determine whether Ms. Shoaf had the capacity to execute that instrument. Moreover, "the competency or incompetency of a testator to engage in or understand any complicated matter or transaction in business is not a proper test of his mental capacity to execute a will." *In re Will of Maynard*, 64 N.C. App. 211, 226, 307 S.E.2d 416, 427 (1983) (citation omitted), *disc. review denied*, 310 N.C. 477, 312 S.E.2d 885 (1984). As a result, since the trial court's decision to deny Defendant's stay motion did not expose Defendant to the possibility of legally inconsistent verdicts, its decision to that effect did not constitute an abuse of discretion.

N.C. STATE BAR v. BARRETT .

[219 N.C. App. 481 (2012)]

III. Conclusion

Thus, for the reasons discussed above, we conclude that the trial court did not err by denying Defendant's motion to dismiss Plaintiffs' civil action on the basis of the prior pending action doctrine or for lack of subject matter jurisdiction or by denying Defendant's motion to stay the separate civil action pending resolution of the caveat proceeding. As a result, the trial court's order should be and hereby is affirmed.

AFFIRMED.

Judges BEASLEY and THIGPEN concur.